# YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* WRIGHT.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 218.    Argued December 2, 1914.—Decided December 14, 1914.

Where there is no contention as to the meaning of the Employers' Liability Act, this court, in a case where the judgment of the District Court has been affirmed by the Circuit Court of Appeals, need only determine whether plain error was committed in relation to the principle of general law involved.

In this case the only error pressed being that the court below held that there was no assumption of risk by the injured party, and as it is impossible to deduce any assumption from the facts stated, the judgment is affirmed.

207 Fed. Rep. 281, affirmed.

THE facts, which involve the validity of a judgment for damages obtained by the administratrix of an employé of a railroad company under the Employers' Liability Act, are stated in the opinion.

*Mr. H. D. Minor*, with whom *Mr. Charles N. Burch* was on the brief, for plaintiff in error:

As this case involves no violation of any safety appliance act, the defense of assumption of risk is open as at common law. *Seaboard Air Line* v. *Horton*, 233 U. S. 492; *Southern Ry.* v. *Crockett*, 234 U. S. 725.

The defense of assumption of risk was duly set up in both courts below and in the assignments of error in this court.

Among the rules prescribed for the protection of engineers was one requiring them to move their trains with caution over yard tracks, expecting to find them occupied. The deceased engineer had frequently operated through these yards, and knew the usual situation there. The risk was, therefore, one ordinarily incident to his employment and was assumed by him.

Even where the situation which was responsible for the accident was due to the master's negligence, yet if the situation was observed by the servant or was so obvious that an ordinarily prudent person would have seen and appreciated it, the servant assumed the risk. *Washington &c. R. R.* v. *McDade,* 135 U. S. 234; *Choctaw &c. R. R.* v. *McDade,* 191 U. S. 68; *Tex. & Pac. Ry.* v. *Harvey,* 228 U. S. 321, 324; *S. A. L. Ry.* v. *Horton,* 232 U. S. 292; *Tex. & Pac. Ry.* v. *Archibald,* 170 U. S. 673.

Where the knowledge of the situation on the part of the servant is equal to that of the master and he afterwards voluntarily encounters it, he assumes the risk and cannot recover. *Fletcher* v. *Railroad,* 102 Tennessee, 7; 3 Labatt's M. & S., § 1184.

The doctrine of assumption of risk is not confined to risks existing at the time the contract of employment was entered into, but applies to dangers which subsequently arise and which became known to the employé or which were so plainly observable that he must be presumed to have known them. *S. A. L. Ry.* v. *Horton,* 233 U. S. 492; *Railroad* v. *Ponn,* 191 Fed. Rep. 682.

The evidence in this case shows that the engineer elected to take the chance of passing safely. Therefore, he assumed the risk.

Failure to find that there was any assumption of risk, because there was nothing to show that the engineer was chargeable with the knowledge of the danger and voluntarily exposed himself to it, was clearly error; for the true test is not in the exercise of care to discover dangers, but

whether the defect is known or plainly observable by the employé. *Choctaw &c. R. R.* v. *McDade,* 191 U. S. 68.

Plaintiff's case cannot be saved by the claim that it was a matter of contributory negligence and not assumption of risk. *S. A. L. Ry.* v. *Horton,* 233 U. S. 492.

There was no negligence on the part of the master.

The railroad company was not chargeable with negligence merely because a car on one track protruded on another track. Engineers were warned that they must expect to find such conditions and instructed to act accordingly.

There was no negligence on the part of the fireman.

There being testimony which clearly went to show assumption of risk by the decedent, the Circuit Court of Appeals should not, in view of the error of the trial court, have affirmed the case on the ground that the evidence showed no assumption of risk, but should have remanded the case for a submission of that question to the jury at least. *Slocum* v. *N. Y. Life Ins. Co.,* 228 U. S. 387.

*Mr. R. M. Barton,* with whom *Mr. McKinney Barton* was on the brief, for defendant in error.

Memorandum opinion by direction of the court, by MR. CHIEF JUSTICE WHITE.

While this second appeal rests on the Employers' Liability Act, there is no contention as to its meaning (207 Fed. Rep. 281); hence we need only determine whether plain error was committed in relation to the principles of general law involved.[1]

Error in holding that the facts afforded no ground for the application of the doctrine of assumption of the risk is the sole contention pressed in argument. A freight train

---

[1] *Chicago Junction Ry.* v. *King,* 222 U. S. 222; *Seaboard Air Line* v. *Moore,* 228 U. S. 433; *Chicago, R. I, & Pac. Ry.* v. *Brown,* 229 U. S. 317; *Southern Railway* v. *Gadd,* 233 U. S. 572, 577.

of which the deceased was engineer, proceeding southward on a lead track, approached or was traversing a railroad yard. Ahead—the distance not being specifically defined—on a yard track connecting with, and to the left of, the lead track there stood some loaded coal cars which, while visible to the engineer from the right side of the engine, became more and more shut off from his view as the train advanced. The engineer asked the fireman, who was on the left side of the engine and therefore in full view of the cars, whether they were clear of the lead track and was answered that they were. There is a dispute as to whether a head brakeman was riding in the cab and whether subsequently, if there, he called the engineer's attention to the fact that the coal cars were not clear. But there is no dispute that the engineer again asked the fireman who answered that the cars were not clear and jumped from the locomotive. The engineer, having shut off his power, stepped to the left side where from the collision which immediately resulted he received the injuries from which he subsequently died.

Whatever may be the difficulty of distinguishing in many cases between the application of the doctrine of assumption of risk and the principles of contributory negligence, that there is no such difficulty here is apparent since the facts as stated absolutely preclude all inference that the engineer knew or from the facts shown must be presumed to have known that the coal cars were protruding over the track on which he was moving and deliberately elected to assume the risk of collision and great danger which would be the inevitable result of his continuing the forward movement of his train.[1]

---

[1] *Union Pacific Railway* v. *O'Brien*, 161 U. S. 451; *Texas & Pacific Railway* v. *Archibald*, 170 U. S. 665; *Texas & Pacific Railway* v. *Behymer*, 189 U. S. 468; *Choctaw, Oklahoma &c. R. R.* v. *McDade*, 191 U. S. 64; *Schlemmer* v. *Buffalo, Rochester &c. Ry.*, 205 U. S. 1, 12; *S. C.*, 220 U. S. 590; *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 503–504.

The impossibility of deducing assumption of the risk from the facts stated is cogently demonstrated by the arguments advanced to establish that the risk was assumed. Thus it is urged that as in a railroad yard there was danger to arise from the protrusion of cars negligently placed by employés of the company, a danger which the engineer must have known might arise, therefore he assumed the risk of such danger. And again the argument is that even although the engineer did not know of the protruding cars and therefore did not consciously incur the great risk to result from the collision, yet as by proper precaution he could have discovered the fact that the cars were protruding, he must be considered to have assumed the risk which resulted from his want of care. But both these arguments have no relation to the doctrine of assumption of the risk and only call for the application of the principle of contributory negligence or of fellow servant.

*Affirmed.*