# NEW ORLEANS & NORTHEASTERN·RAILROAD COMPANY ET AL. *v.* SCARLET.

ERROR TO THE SUPREME COURT OF THE STATE
OF MISSISSIPPI.

No. 242. Argued March 18, 1919.—Decided April 21, 1919.

A state law relieving the plaintiff of the burden of proving negligence is constitutionally inapplicable to a case under the Federal Employers' Liability Act. P. 529. *New Orleans & Northeastern R. R. Co. v. Harris.* 247 U. S. 367.

Under the Boiler Inspection Act, the mere breaking of a king pin and coupling chains, without other evidence, does not establish, as a matter of law, that they were defective. P. 530.

When the decision of the state court upholds a state statute in conflict with a valid law of the United States, review is by writ of error. *Id.*

115 Mississippi, 285, reversed.

THE case is stated in the opinion.

*Mr. J. Blanc Monroe,* with whom *Mr. Monte M. Lemann, Mr. Albert S. Bozeman, Mr. L. E. Jeffries, Mr.*

*S. R. Prince* and *Mr. H. O'B. Cooper* were on the briefs, for plaintiffs in error.

. *Mr. Thomas G. Fewell,* for defendant in error, submitted. *Mr. C. B. Cameron* was on the brief.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Scarlet was a fireman on the New Orleans & Northeastern Railroad. While engaged in the performance of his duties he was injured by being thrown down between the engine, and the tender. The accident was caused by the uncoupling of engine and tender; and this was apparently due to the breaking of the king pin, which fastened the draw bar to the tender, and the breaking of the coupling chains between engine and tender. He brought suit in a state court of Mississippi under the Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, and the Boiler Inspection Act of February 17, 1911, c. 103, 36 Stat. 913, as amended by the Act of March 4, 1915, c. 169, 38 Stat. 1192, and recovered judgment which was affirmed by the Supreme Court of the State. 115 Mississippi, 285. The case comes here by writ of error under § 237 of the Judicial Code, as amended by the Act of September 6, 1916, c. 448, 39 Stat. 726.

The Railroad contends that the Supreme Court of Mississippi erred in sustaining the action of the trial court, which charged the jury that the so-called "Prima Facie Act" of Mississippi (§ 1985 of the Code of 1906, as amended by c. 215, Laws 1912, p. 290) applied, and that it relieved the plaintiff of the burden of proof to establish negligence. Scarlet concedes now that the statute can not constitutionally be applied to suits under the Federal Employers' Liability Act, since this court has so decided in *New Orleans & Northeastern R. R. Co.* v. *Harris,* 247

U. S. 367; and that the judgment must be reversed if the rights of the Railroad were prejudiced by this error. But he contends that the Railroad was not prejudiced, because negligence on its part is not essential to recovery. He insists that the Boiler Inspection Act, as amended, imposes upon the Railroad the absolute duty (compare *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor,* 210 U. S. 281) to have the "locomotive and tender and all parts and appurtenances thereof" in "proper condition and safe to operate;" that the mere breaking of the king pin and coupling chains shows conclusively that they were defective; that the evidence shows conclusively that this was the proximate cause of the injury; and that the plaintiff was therefore entitled, under the federal act, to have the jury peremptorily instructed to render a verdict in his favor. It does not appear that this contention was made before the Supreme Court of the State, and it was apparently not considered by that court. But whether Scarlet is now in a position to avail himself of the contention need not be determined (compare *Yazoo & Mississippi Valley R. R. Co.* v. *Mullins,* decided this day, *post,* 531); for it is clear that the evidence did not establish as a matter of law that the king pin or the chains were defective. At most it presented a question for the jury. Compare *Minneapolis & St. Louis R. R. Co.* v. *Gotschall,* 244 U. S. 66. We cannot say, therefore, that the Railroad was not prejudiced by the error of the trial court in instructing the jury that the "Prima Facie Act" was applicable.

The conflict of a state statute with a valid law of the United States being involved and the decision having been in favor of the validity of the statute, the case is properly here on a writ of error; and the petition for a writ of certiorari is denied.

*Reversed.*