## COLLINS v. BARNER.

(Court of Appeals of District of Columbia. Submitted October 8, 1920. Decided November 8, 1920.)

### No. 3357.

1. **Master and servant** ☞190(17)—**Hoisting engineer, acting under positive instructions from employer, is vice principal.**

Testimony by the employer that he had instructed his hoisting engineer to start the engine on signal from the top of the shaft, regardless of conditions, shows that the engineer, in complying with such instruction, though he knew the elevator was improperly loaded, was acting as a vice principal, for whose negligence the employer is liable.

2. **Master and servant** ☞185(7)—**Coservant's negligence in providing working place actionable.**

A master is liable for a negligent act in the discharge of his duty of exercising reasonable care to provide the servant with a reasonably safe place to work, though that act was performed through another servant.

3. **Master and servant** ☞205(1)—**Risk of negligence of master not assumed.**

An employé has a right to assume that his master would not violate his duty to use due care, and therefore does not assume the risk of injury from the negligent act of the master or his vice principal in hoisting an improperly loaded elevator, where there was no proof that the employé knew of the improper loading, or that it was so observable that he must be presumed to have known it.

Appeal from the Supreme Court of the District of Columbia.

Action by Plummer Barner against Joseph W. Collins to recover damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

J. S. Easby-Smith and R. B. Fleharty, both of Washington, D. C., for appellant.

Irving Williamson and Thos. C. Taylor, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. This is a tort action, wherein Barner, an employé of Collins, recovered judgment for damages on account of injuries sustained by him while in the line of his service, through the negligence of one O'Brien, another employé.

Appellant assigns three errors, namely, failure to peremptorily instruct the jury in his favor; failure to charge that O'Brien and others were fellow servants of Barner; and the giving of an instruction that O'Brien was not a fellow servant of Barner.

The jury based its verdict on the fifth count of the declaration, which charged that the negligence complained of was that of the engineer, O'Brien, who was, as alleged, the agent of Collins. If he was his agent, then the court did not err in the respects mentioned.

The fifth count alleged, and the proof showed, the following: The appellant at the time of the accident was engaged in the erection of a ten-story building in Washington, and the plaintiff was employed by him as a hod carrier in connection with the work. Appellant used an

open hoisting shaft, containing elevators, by means of which building material was raised 80 feet to the points where it was needed. The movements up and down of the elevators were controlled by a hoisting engine, which was operated by O'Brien, the engineer. One of the elevators was carelessly and dangerously loaded. O'Brien knew it, yet he started the engine and sent the elevator upwards. When it reached a point about 70 feet from the ground, several pieces of iron fell in consequence of the careless manner in which the elevator had been loaded. One of them struck the appellee, inflicting the injuries sued for.

[1] Touching the question as to whether O'Brien stood in the position of vice principal, when he started the engine, knowing that the elevator was dangerously loaded, Collins, the appellant, testified:

That his "orders to O'Brien were to obey signals when they were given from the top; * * * that he could not and must not start the engine on his own initiative; * * * that it was the place of the man at the top of the building to see the conditions at the bottom, and if all was clear to ring the bell to start the elevator. * * * It was the duty of the engineer, on the sounding of the bell, to start the engine, *no matter what the conditions were*, and those were the instructions given him."

On redirect examination he said:

That he "did not instruct O'Brien that if he saw a dangerous condition there, he was to go ahead and start the elevator, nevertheless."

This is negative. But he did not deny the positive instruction just related. In view of this testimony from the appellant, there is no room for doubt that O'Brien was a vice principal, and not a fellow servant. In what he did he was obeying his employer's unmistakable instruction. Therefore he was acting for the employer and in his stead. The appellant is as much responsible for the act as if he himself had done it.

"A master assumes the duty towards his servant of exercising reasonable care and diligence to provide the servant with a reasonably safe place at which to work. * * *" Baltimore & Ohio Railway Co. v. Baugh, 149 U. S. 368, 387, 13 Sup. Ct. 914, 921 (37 L. Ed. 772).

Collins failed to perform that duty, but instead rendered the work place unsafe by the positive act of O'Brien who represented him.

[2] This court has ruled that—

"If an act is done in the discharge of some positive duty of the master to the servant, then negligence in the performance of the act is negligence of the master, notwithstanding that it was performed through another servant." Spates v. Wells Bros., 43 App. D. C. 555, 559.

See, also, Carter v. McDermott, 29 App. D. C. 145, 10 L. R. A. (N. S.) 1103, 10 Ann. Cas. 601; Collins v. John W. Danforth & Co., 36 App. D. C. 592; Thompson-Starrett Co. v. Wilson, 39 App. D. C. 211. We have also said that—

If the act complained of "is not performed in the discharge of a duty devolving upon the master, there can be no liability, unless he has been guilty of some personal wrong which contributed directly to produce the injury." Collins v. Danforth Co., supra, 36 App. D. C. 600.

He (Collins) was guilty of a personal wrong, through his representative, O'Brien. The doctrine of fellow servant has no application.

[3] It is urged that Barner assumed the risk. The evidence shows he approached the elevator shaft with a wheelbarrow full of brick for the purpose of placing it on the elevator, which was then ascending. He set the wheelbarrow down to await the return of the elevator, and as he did so some one spoke to him. He turned his head to reply, and at the same moment was struck. There is nothing in the record which tends to show that he knew the manner in which the elevator had been loaded, or anything about the instructions given to the engineer to start the engine, "no matter what the conditions were." The act of negligence, which the jury found caused the injury, was the act of a vice principal. Barner had a right to assume that his employer would not violate his duty towards him by doing, through his agent, the negligent act which resulted in the injury. An employé—

"is not to be treated as assuming a risk that is attributable to the employer's negligence until he becomes aware of it, or it is so plainly observable that he must be presumed to have known of it." Chesapeake & Ohio Railway Co. v. Proffitt, 241 U. S. 462, 468, 36 Sup. Ct. 620, 622 (60 L. Ed. 1102).

Consult, also, Yazoo & Miss. Railroad Co. v. Wright, 235 U. S. 376, 379, 35 Sup. Ct. 130, 59 L. Ed. 277, and Texas & Pacific Railway Co. v. Archibald, 170 U. S. 665, 672, 18 Sup. Ct. 777, 42 L. Ed. 1188.

We perceive no error in the record; therefore the judgment is affirmed with costs.

Affirmed.