DAVIS, Director General of Railroads, v. HYNDE.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1925.)

No. 4276.

1. Master and servant ⬅️204(1)—Risk from gross negligence not assumed under federal act.

Under Employers' Liability Act, § 4 (Comp. St. § 8660), an employee assumes only the ordinary risks of the employment of which he has knowledge, and he cannot be held to have assumed the risk from gross negligence of the employer.

2. Master and servant ⬅️288(1)—Assumption of risk a question for jury.

The court cannot as matter of law declare that a servant assumed a risk, where there is any substantial evidence that he did not.

3. Evidence ⬅️477(3)—Nonprofessional witness may describe personal injuries.

A witness, though not a physician or surgeon, may testify as to the extent of a per-

son's injuries, so far as they are apparent to the eye or otherwise to a nonprofessional.

**4. Death ⬡⟶103(2)—Cause of death held question for jury.**

Whether the death of a person injured was due to the injury or to other causes *held* under the evidence, a question for the jury.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by Mrs. Lula Hynde, administratrix of the estate of Joseph Hynde, deceased, against James C. Davis, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

A. S. Bozeman and Ben F. Cameron, both of Meridian, Miss., and J. Blanc Monroe and Walter J. Suthon, Jr., both of New Orleans, La. (Monte M. Lemann, of New Orleans, La., Albert S. Bozeman and Benjamin F. Cameron, both of Meridian, Miss., and Walter J. Suthon, Jr., of New Orleans, La., on the brief), for plaintiff in error.

Marion W. Reily, of Meridian, Miss., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Plaintiff's husband was killed in the discharge of his duties in the yards of the New Orleans & Northeastern Railroad Company while the same was under government control. His widow, as administratrix of the estate, brings this suit for damages for the injuries to, and suffering and death of, her said husband. The jury gave a verdict for $22,000, but at the suggestion of the court a remittitur of $4,275 was entered, and motion of plaintiff in error (hereinafter called defendant) was overruled. Defendant prosecutes this writ of error.

Defendant seeks a reversal because of the following alleged errors of the lower court: (a) In refusing to direct a verdict for defendant, because the deceased was guilty of contributory negligence and assumed the risks of his employment; (b) in its ruling both in admitting and excluding certain evidence; (c) in not instructing a verdict for defendant, because the proof showed deceased had died of an independent disease, nearly two years after the accident; and (d) a new trial should have been granted, because the verdict was excessive, the court having held as a matter of law that plaintiff was guilty of contributory negligence.

[1] It is said that, inasmuch as this case admittedly arises under the federal Em-

ployers' Liability Act (Comp. St. § 8660) the defense of assumption of risk is available (Seaboard Air Line R. R. Co. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475) and the burden of proof is upon plaintiff (N. O. & N. E. R. R. Co. v. Harris, 247 U. S. 367, 38 S. Ct. 535, 62 L. Ed. 1167; N. O. & N. E. R. R. Co. v. Scarlet, 249 U. S. 528, 39 S. Ct. 369, 63 L. Ed. 752, and Y. & M. V. Ry. Co. v. Mullins, 249 U. S. 531, 39 S. Ct. 368, 63 L. Ed. 754). However, there was evidence sufficient, if believed, to show that defendant was guilty of gross negligence in running its switch engine with a cut of cars at an excessive rate of speed through a dense cloud of steam escaping from an engine on the track by the side of the one on which the switch engine was traveling, without lights or warning, with full knowledge that the deceased and other employees were working in that particular vicinity. While it is true that deceased may have been guilty of contributory negligence, and the lower court so found as a matter of law, in stepping upon the track, which was just a few feet from where he was working, nevertheless he assumed only the ordinary risks incident to the nature of his employment and of which he had knowledge. He was not bound to anticipate acts of gross negligence, such as some of the evidence in this case indicated. Chesapeake & Ohio R. R. Co. v. De Atley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016; Chesapeake & Ohio R. R. Co. v. Proffit, 241 U. S. 462, 36 S. Ct. 620, 60 L. Ed. 1102; Y. & M. V. Ry. Co. v. Wright, 235 U. S. 376, 35 S. Ct. 130, 59 L. Ed. 277; Texas & Pacific Ry. Co. v. Swearingen, 196 U. S. 57, 25 S. Ct. 164, 49 L. Ed. 382; Texas & Pacific Ry. Co. v. Archibald, 170 U. S. 665, 18 S. Ct. 777, 42 L. Ed. 1188; C., N. O. & T. P. Ry. Co. v. Thompson, 236 F. 1, 149 C. C. A. 211.

[2] The accident occurred on December 24, 1919, at about 6 o'clock p. m., which was after dark, and while the evidence is conflicting as to whether or not the headlight was burning, as to the speed of the train, and as to whether the bell was ringing, and it is admitted that the track was obscured by the escaping steam and otherwise, we cannot say that the jury was totally unjustified in accepting plaintiff's version of the matter. The lower court, who saw and heard the witnesses, thought the issues of fact should be submitted to the jury, and, viewing the cold record, we are unable to say that they were warranted in finding a

preponderance of the evidence favorable to plaintiff. "The court cannot as a matter of law declare that a servant assumed a risk, where there is any substantial evidence that he did not." C., N. O. & T. P. Ry. Co. v. Thompson, supra.

[3] Defendant objected to the testimony of the plaintiff as to the extent of her husband's injuries, in which, in addition to stating that his foot was amputated, she described his other external wounds, such as bruises on the face, hips, and legs, and also said that three of his ribs were broken loose from his body; the contention being that she was not a physician and could not say that his ribs were torn loose. We think she could describe his appearance and those wounds that were apparent to the eye, and it is not altogether impossible that she might not have felt the displacement of his ribs. At any rate, the nature of his injuries was fully described by physicians. She was entitled to testify to the extent heretofore indicated, and if, in reply to questions which did not necessarily call for such replies, she made statements that were not admissible, defendant could have had the same stricken out and the jury properly instructed; but this it did not request at the time. Further on in the record, defendant objected to the testimony of the witness as to internal injuries, and it was excluded by the court. In these circumstances, defendant was not prejudiced.

Defendant also objected to the ruling permitting the witnesses De Graffenried and Westbrook to testify that they saw the deceased carrying a lantern shortly before the accident. The contention of plaintiff was that deceased had had such a lantern, which should have been seen by the engineer of the switch engine. The basis of the objection was that the evidence was too remote. Inasmuch as the testimony conflicted on the point, we think the testimony of the witnesses that deceased was seen with the lantern about 10 minutes before the accident was admissible. He was engaged in directing the making up of a train on the adjacent track, which was to be pulled out, and according to these witnesses was using the lantern. We think, therefore, that the objection went to the effect, rather than to the admissibility, of the evidence.

Defendant further complains of the ruling admitting the testimony of a number of other witnesses as to the customary speed of trains, rules, etc. However, the court later excluded those parts of it which were not admissible, and properly instructed the jury as to what evidence should be considered. We do not find it necessary to discuss in detail these several rulings. It is sufficient to say that we do not think any prejudice has been shown thereby.

[4] Defendant also insists that the jury should have been instructed to render a verdict for defendant, because the evidence did not prove that his death was caused from the injuries, but from angina pectoris. However, the record shows that deceased was badly injured, one foot being lost, and numerous other external injuries inflicted. Clearly defendant was not entitled to an absolute verdict in its favor, if it was legally liable for the accident, and the request, was, of course, properly denied.

Under the federal Employers' Liability Act, as it now stands, the beneficiaries are entitled to recover both for their financial loss and for the pain and suffering endured by the deceased, and since no specific instruction was requested for a separate finding, it is possible that a considerable portion of the award may have been allowed upon the latter score.

The defendant is not entitled to a reversal upon the refusal of the trial court to grant a new trial.

Judgment affirmed.