This is an appeal from a judgment in favor of the respondent, in an action under the Federal Employes' Liability act, to recover damages for the death of Joseph A. Smith, a freight train conductor in the employ of the appellant.
The happening, resulting in the subsequent death of Smith, took place about ten o'clock of the night of March 11th, 1926, in the Broad street freight yard of appellant, in the city of Newark.
Smith and other members of his crew were engaged in pushing a train of seven freight cars in such yard. The train was moving in a westerly direction, the engine, headed west, being at the easterly end of the train.
All of the cars in the train were box cars, and as the train proceeded toward the freight house, Smith was standing on the top of the first or lead car at the westerly end of the train. There was such a close clearance between the top of a box car and the entrance to the freight house as to require one riding on top of a box car to lie down or get off while such car was passing in.
There was no direct proof of the acts of Smith as the train approached the freight house. One Garretson, a member of his crew, says that he, Garretson, was riding on top of the car next east of the lead car, and Smith was riding on top of the most forward or lead car and as the train approached the freight house Garretson proceeded forward to the lead car and descended by means of the ladder at the rear and left hand side of such car; that at such time Smith was standing near the rear or east end of such lead car and, while Garretson was descending, the lantern of Smith struck him and then some part of Smith's body struck him on his *Page 174 
left shoulder and afterward he found Smith lying about three feet from the left hand rail of the track upon which their train had been proceeding.
It further appears that a spur track runs off from this main or lead track and that the total length of it from the point of switch, where it so leads off, to the end thereof, at a bumper, is two hundred and forty-six feet; that from the bumper this spur track and the main or lead track, for a distance of sixty feet, run parallel with a clearance of eight feet eight and one-half inches, and for the balance of the distance the spur track gradually converges toward and finally into the main or lead track.
It is admitted that at the time of the happening there were two cars upon this spur track — an M.D.T. 17026 and a N.Y.C. 52449.
One of the grounds of negligence pleaded, and the only one which seems to have been submited by the trial court to the jury was that appellant "failed and neglected to place said car known as N.Y.C. 52449 in such a position on said spur or stub track that it would clear plaintiff's intestate as he was alighting from the said lead car of the said freight train which he was riding into the said freight house."
It appears that, upon this appeal, giving to appellant the most that can be obtained from its brief, that it is urging that there was no proof of negligence and, if there were such proof, warranting a submission of that question to the jury, there was such proof of assumption of risk, that as a matter of law the trial court should either have non-suited the plaintiff or directed a verdict in favor of the defendant.
We think the question of negligence of the appellant was properly submitted to the jury.
While the proofs as to the location of the cars upon the spur or stub track may be very scant the fact is that respondent, in her complaint, alleged in paragraph 8:
"As said freight train as aforesaid was being pushed as aforesaid on said freight house lead track there was another freight car known a N.Y.C. 52449, which stood on the adjoining stub track and said freight car known as N.Y.C. *Page 175 
52449 was so close to the lead track that an employe riding on the side of the said D.L. W. 35889 in the performance of his duties would not clear the said N.Y.C. car but would be struck by the same."
This was admitted by the answer of the appellant.
This, we conclude, clearly left the question of the happening complained of and whether or not it was caused by negligence imputable to appellant, as a jury question.
Appellant cites Toledo, c., Railway Co. v. Allen,276 U.S. 165; Missouri Pacific Railway Co. v. Aeby,275 U.S. 426, and Delaware, Lackawanna and Western Railroad Co. v.Koske, 7 U.S. Adv. Op. 1928, 1929, as authority opposed to this action by the trial court. We conclude, however, that such adjudications are not applicable. Here the question of negligence was not predicated upon an engineering or structural condition in the yard, but upon the question as to whether or not negligence could be found from the fact of placing a car upon the spur or stub track so close to the point of switch with the main or lead track as not to give sufficient clearance for an employe to descend upon the outside of a car running on the lead track.
The jury found that, in this manner, respondent's decedent met with the injuries resulting in his death and, as there was evidence upon which such finding could be predicated, we cannot disturb the judgment in question.
The remaining ground of appeal is that the happening and resulting death arose from a cause as to which the decedent assumed the risk.
It is true that Garretson, decedent's co-employe, testified "we knew they were there;" referring to the cars on the stub track, and also that it was a regular thing to find cars there and that "we always make a practice to look at those things to keep yourself out of trouble."
It appears from the proofs that respondent's decedent commenced work with his crew at six o'clock of the night of the happening, that the two cars had been placed on the spur or stub track at about seven o'clock of the morning of that day and that he and his crew had been drilling cars in *Page 176 
this yard at about seven P.M., as the happening took place at ten P.M.
We conclude, however, that whether or not respondent's decedent assumed the risk, under the facts and circumstances of this case, was a jury question, and it was therefore not error to so submit it.
Yazoo and Mississippi Railroad Co. v. Wright,235 U.S. 378; Chesapeake and Ohio Railway Co. v. DeAtley, 241 Id.310, 315; Chicago, Rock Island and Pacific Railway Co. v.Ward, 252 Id. 18, and Reed v. Director General, 258 Id.92.
Finding no error raised and established in the record before us the judgment below is affirmed.
For affirmance — THE CHANCELLOR, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, DEAR, JJ. 10.
For reversal — THE CHIEF JUSTICE, LLOYD, CASE, BODINE, KAYS, HETFIELD, JJ. 6.