JEREMIAH P. HEALY, as Administrator of the Estate of RAYMOND B. HEALY, Deceased, Appellant, *v.* THE ERIE RAILROAD COMPANY, Respondent.

(Argued March 22, 1932; decided April 26, 1932.)

*Francis E. Cullen* for appellant. The Appellate Division erred in holding as matter of law that there was no evidence of causative negligence on the part of the defendant in connection with its failure to promulgate proper rules and to instruct and warn the plaintiff's intestate. (*Jorgensen* v. *Jaeger*, 257 N. Y. 171; *Gates* v. *State of New York*, 128 N. Y. 221; *Eastland* v. *Clark*, 165 N. Y. 420; *Southern Ry. Co.* v. *Hobbs*, 35 Fed. Rep. [2d] 298; *Marland* v. *Philadelphia & R. Ry. Co.*, 246 Fed. Rep. 91; *Norton* v. *Maine Central R. R. Co.*, 116 Me. 147.) The Appellate Division erred in holding as matter of law that there was no evidence of causative negligence on the part of the conductor of the yard crew. The question of his negligence was for the jury under the evidence which gives the verdict a substantial basis. (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Central Vermont R. R.*

Co. v. *White*, 238 U. S. 507; *Grand Trunk Western R. R. Co.* v. *Lindsay*, 233 U. S. 42; *Chicago, Rock Island & Pacific Ry. Co.* v. *Ward*, 252 U. S. 18; *Davis* v. *Dowling*, 284 Fed. Rep. 670; *Illinois Central R. R. Co.* v. *Skaggs*, 240 U. S. 66; *Union Pacific R. R. Co.* v. *Hadley*, 266 U. S. 330; *Reynolds* v. *Great Northern Ry. Co.*, 159 Minn. 370; *Hocking Valley Ry. Co.* v. *Kontner*, 114 Ohio St. 157.) The Appellate Division erred in holding as matter of law that the intestate had assumed the risk. (*Reed* v. *Director General of Railroads*, 258 U. S. 92; *C., R. I. & P. R. R. Co.* v. *Ward*, 252 U. S. 18; *Chesapeake & Ohio Ry. Co.* v. *DeAtley*, 241 U. S. 310; *Gila Valley R. R. Co.* v. *Hull*, 232 U. S. 94; *Fitzwater* v. *Warren*, 206 N. Y. 355; *Chicago & Northwestern Ry. Co.* v. *Bower*, 241 U. S. 470; *Eastland* v. *Clark*, 165 N. Y. 420; *Sink* v. *Sikes Co.*, 134 Fed. Rep. 144; *Pelow* v. *Oil Well Supply Co.*, 194 N. Y. 64; *Western Union Tel. Co.* v. *Burgess*, 108 Fed. Rep. 26; *Anderson* v. *Illinois Central R. R. Co.*, 109 Iowa, 324; *Yazoo & Mississippi Valley R. R. Co.* v. *Wright*, 235 U. S. 376.)

*George D. Newton* for respondent. The Appellate Division properly held no actionable negligence was established against the defendant. (*Pheasant* v. *Director General of Railroads*, 285 Fed. Rep. 342; *Davis* v. *Kennedy*, 266 U. S. 147; *Unadilla Valley Ry. Co.* v. *Caldine*, 278 U. S. 139; *Heck* v. *Lehigh Valley R. R. Co.*, 241 N. Y. 212; *Toledo, St. Louis & Western R. R. Co.* v. *Allen*, 276 Fed. Rep. 165; *Atlantic Coast Line R. R. Co.* v. *Driggers*, 279 U. S. 787; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Mendou* v. *N. Y., N. H. & H. R. R. Co.*, 223 U. S. 1; *Southern Railway Co.* v. *Gray*, 241 U. S. 333; *Woods* v. *Chicago, B. & Q. R. R. Co.*, 306 Ill. 217.) There was no negligence on the part of the conductor in cutting off the car. (*Mattingly* v. *Broderick*, 36 S. W. Rep. [2d] 415; *Austin* v. *M. & O. R. R. Co.*, 134 Miss. 226; *Gulf & M. & N. R. R. Co.* v. *Wells*, 275

U. S. 455; *Ingram* v. *Mobile & O. R. Co.*, 30 S. W. Rep. [2d] 989.) There is no causal relation between the alleged fact of delinquency and the injury. (*Heck* v. *Lehigh Valley R. R. Co.*, 241 N. Y. 212; *Atchison, T. & S. F. R. R. Co.* v. *Toops*, 281 U. S. 351; *Lang* v. *N. Y. C. R. R. Co.*, 227 N. Y. 507; 255 U. S. 455; *Davis* v. *Hand*, 290 Fed. Rep. 73; 263 U. S. 705; *Phillips* v. *Pennsylvania R. R. Co.*, 283 Fed. Rep. 381; *Illinois State Trust Co.* v. *Missouri Pac. R. R. Co.*, 219 Mo. 608; *Martin* v. *St. Louis Ry. Co.*, 323 Mo. 450; *St. Louis* v. *San Francisco R. R. Co.*, 238 U. S. 243; *Gregory* v. *Director General of Railroads*, 242 S. W. Rep. 373; *St. Louis-San Francisco Ry. Co.* v. *Smith*, 19 S. W. Rep. [2d] 1102; *Peters* v. *Wabash R. R. Co.*, 42 S. W. Rep. [2d] 588; *Patton* v. *Texas & Pacific Ry. Co.*, 179 U. S. 658; *C., M. & St. P. Ry. Co.* v. *Coogan*, 271 U. S. 472; *N. Y. C. R. R. Co.* v. *Ambrose*, 280 U. S. 486.) The accident was solely and directly caused by the negligent act of plaintiff's intestate. (*Great Northern R. R. Co.* v. *Wiles*, 240 U. S. 444; *Virginia Ry. Co.* v. *Linkous*, 230 Fed. Rep. 88; 242 U. S. 630; *Davis* v. *Kennedy*, 266 U. S. 147; *Atlantic Coast Line R. R. Co.* v. *Driggers*, 279 U. S. 787.) The accident was a risk which plaintiff's intestate assumed. (*James* v. *Cranford*, 123 App. Div. 558; *Crown* v. *Orr*, 140 N. Y. 450; *Haskin* v. *N. Y. C. R. R. Co.*, 65 Barb. 129; 56 N. Y. 508; *Kennedy* v. *Manhattan*, 145 N. Y. 288; *Collelli* v. *Turner*, 154 App. Div. 218; *Odell* v. *N. Y. C. R. R. Co.*, 120 N. Y. 323; *Drake* v. *Auburn City R. R. Co.*, 173 N. Y. 466; *Eastland* v. *Clark*, 165 N. Y. 472; *Benzing* v. *Steinway & Sons*, 101 N. Y. 552; *Davidson* v. *Cornell*, 132 N. Y. 228; *Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 40; *Pantzar* v. *Foster I. M. Co.*, 99 N. Y. 368; *Maltbie* v. *Beldin*, 167 N. Y. 312; *Seaboard Air Line Ry. Co.* v. *Norton*, 233 U. S. 492; *N. Y. C. R. R. Co.* v. *Salkaukus*, 238 Fed. Rep. 778; *Jacobs* v. *Southern Ry. Co.*, 249 U. S. 240; *Vaughan* v. *N. Y., P. & N. R. R. Co.*, 241 U. S. 237; *Chesapeake & Ohio Ry. Co.* v. *DeAtley*, 241 U. S. 310.)

POUND, Ch. J. This action is brought under the Federal Employers' Liability Act (U. S. Code, title 45, ch. 2, § 51). The death of plaintiff's intestate Healy was the result of an accident which occurred in the Erie freight yards in the city of Rochester on November 8, 1924. Healy was a young man, twenty-three years of age, inexperienced as a yard brakeman. He had been on duty three nights before he met his death.

The Appellate Division has held that Healy's death was due solely to his own negligence and has reversed the judgment on the law. The opinion states the circumstances and cause of the accident with substantial accuracy as follows:

" In its Rochester yards one of defendant's tracks, called the ' lead track,' ran north and south near the river. Track No. 5 lay immediately alongside and west of it and came into it southerly at switch No. 5. On November 8, 1924, late enough in the afternoon so that it was dark, a train of about nine cars was on track 5, the northernmost car of which was loaded with grapes. The train crew consisted of Barrett, yard conductor, plaintiff's intestate Raymond B. Healy, rear brakeman, and others. A car movement was to be carried on thus: A locomotive hitched on the south end of this string of cars was to pull it south till the grape car cleared switch No. 5 some distance. The next operation was to get the train under motion toward the north, cut off the grape car, stop the rest of the train, allow the grape car to run past the switch, turn the switch and run the rest of the cars back on track No. 5.

" From switchpoint 5 it was slightly up grade for about two car lengths to a pinnacle which was called the ' hump.' The idea was to ' kick ' this grape car far enough north so that the northernmost car on the train would clear the grape car when the train was pushed back north on track No. 5. The forward movement was started, the grape car cleared the switch, Healy shifted the switch,

signalled Barrett, the conductor, 'All right,' and climbed up the easterly side of the then northernmost car at its north corner. The grape car was not kicked far enough, and when the car upon which Healy was riding reached it their corners collided and Healy was caught in between and crushed so that he died shortly. * * * " (233 App. Div. 147.)

The learned court has held that Healy should not have signalled the conductor, "All right " until he had ascertained for himself by personal inspection and tests that the car of grapes had gone far enough on the lead track so that his cars would clear it and that his failure to do so was the sole cause of his death. Thus is placed upon an inexperienced brakeman the burden of actually ascertaining, on a dark night and in unfamiliar surroundings, when the kicked car was out of the way so that he could safely move his car past it. Although he might, with reasonable caution for a yard brakeman, assume that the car of grapes had been kicked into a position of safety, the jury might not say that he was free from negligence. Was it necessary as matter of law for him to make the test indicated by Barrett, the conductor, to ascertain whether a car was in the clear or not by standing on the outside of the rail and putting out his hand? If his hand does not touch the car then it is in the clear, we are told. He had been so instructed but he had not been instructed as to the hidden dangers of the switching operations and of the hump. The test may be proper when the brakeman should have doubts, but does the law require that he should have had doubts?

The car was kicked for the purpose of getting it out of the way on the lead track. Healy was to give the signal when he saw that it had passed on to the lead track. It was for the jury to say whether he should, in the absence of instructions, have known that the car would not, or might not, go to or over the hump, or whether he should, before he could be charged with

negligence, have been warned of the danger that cars might stop on the lead track and told to make sure where they were before he gave the signal " all right."

In *Davis* v. *Kennedy* (266 U. S. 147) it was the personal duty of the engineer positively to ascertain whether a train had passed before he moved his train. His duty was primary as he had physical control of his engine and was managing its course. So in *Frese* v. *C., B. & Q. R. R. Co.* (263 U. S. 1) it was held that neglect of the engineer's primary personal duty to stop his train and positively to ascertain that the way was clear before proceeding prevented a recovery on his part.

These decisions have to do with neglect of a well-defined primary duty to act, well understood and neglected without excuse in the face of known dangers. They do not control this case where the question is as to the duty of the track brakeman in the circumstances. The situation created dangers which to the jury might seem to call for more definite warnings than Healy received. Thus in *Marland* v. *Philadelphia & R. Ry. Co.* (246 Fed. Rep. 91) it was held that it could not be said as matter of law that telltales were sufficient notice of the lowness of a bridge. In *Southern Ry. Co.* v. *Hobbs* (35 Fed. Rep. [2d] 298) the switchman was not advised of dangers due to riding unusually high cars under light fixtures above the tracks. It was held that a question for the jury was presented. Instructions must be given before duty is defined, if duty is not clear.

One who claims under the act must, however, establish negligence of the railroad company and causal connection between such negligence and the injury. (*Atchison, Topeka & Santa Fe Ry. Co.* v. *Saxon*, 284 U. S. 458.) It seems that the jury might have found the conductor Barrett, co-employee of deceased, negligent and found a causal connection between his negligence and the injury. The carrier must in that event answer for the conductor's negligence under the act. (*Boldt* v. *Penn-*

*sylvania R. R. Co.*, 245 U. S. 441.) He was required by the rules of the company " to use the utmost care to avoid injury to the men from * * * the movement of either trains or cars." He made no attempt himself to ascertain whether the car was clear but relied solely on Healy's signal. He was responsible for placing the car, for kicking it back without a rider, for exercising some degree of care to observe how fast it went and when and where it stopped rolling. Had he a right to assume that Healy would protect himself without instructions as to the latent danger due to the presence of the hump? The particular cause of the accident was a question for the jury from all the facts and circumstances. (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131, 136.)

Even if Healy was negligent in giving the signal to come ahead, his negligence does not bar plaintiff's recovery. It would serve only to diminish it if the defendant were negligent. (*Illinois Central R. R. Co.* v. *Skaggs*, 240 U. S. 66, 70.)

It cannot be said that Healy assumed the risk of the insufficient clearance. If he did not know the latent danger he could not be said to have assumed the risk as matter of law. (*Yazoo & Mississippi R. R. Co.* v. *Wright*, 235 U. S. 376, 380.)

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN and HUBBS, JJ., concur; O'BRIEN and CROUCH, JJ., dissent; KELLOGG, J., not sitting.

Ordered accordingly.