CHICAGO, M. & ST. P. RY. CO. v. DUTCHER.

(Circuit Court of Appeals, Eighth Circuit. October 10, 1910.)

No. 3,281.

MASTER AND SERVANT (§§ 278, 281*)—ACTION FOR INJURY TO SERVANT—EVIDENCE.

Evidence considered, in an action against a railroad company to recover for the death of a servant, who was killed while employed about a coal shed on the main track by some cars, which had been kicked onto such track from the yards over a cut-off track without warning, and held to sustain a verdict finding that it was the custom of defendant, on which deceased had a right to rely, to send a brakeman with the cars in such cases to give deceased warning, and that the failure to do so was negli-

*For other cases see same topic &.§ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gence, while the custom relieved deceased from the charge of contributory negligence in not keeping a lookout for such cars.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. §§ 278, 281.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Inez Dutcher, administratrix of the estate of George W. Dutcher, deceased, against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

M. B. Webber and Edward Lees, for plaintiff in error.

L. L. Brown, W. D. Abbott, and S. H. Somsen, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. George W. Dutcher was run over and killed by some freight cars of the Chicago, Milwaukee & St. Paul Railway Company while he was engaged in its service. His widow, Inez Dutcher, as administratrix of his estate, sued the company and obtained judgment. The company prosecuted this writ of error. The deceased worked on and about a main railroad track, which ran alongside a coal shed at which engines were coaled. His duties were to pick up and care for the coal which fell from the cars and chutes, and to remove cinders from the track and a cinder pit and wheel them away. The main line was connected with the yards of the company by a track called a "cut-off." In making up trains, cars were at times "kicked" from the yards, over the cut-off, and down on the main line, where deceased was working. On such an occasion the accident occurred. The case of the administratrix depended upon the existence of a uniform custom of the company, upon which deceased had a right to rely, to place a trainman on the end of the moving cars, or to have one running beside them, to notify him of their approach. The existence of such a custom was the controlling question of fact at the trial. It was conceded the precaution was not observed by the company.

Complaint is made by the company that the trial court denied its request for a directed verdict. A careful examination of the record has convinced us that there was substantial evidence supporting the case of the administratrix, and that it may be found in the testimony of witnesses Balow, Brown, and Julius Capon. It is sufficient to say, without reciting it in detail, that some of it was direct and positive. Some confusion in the argument may be dissipated by observing that the custom in question related to the main line, on which the deceased was working, not to the tracks in the yards.

Complaint is also made of the refusal to give the following instruction to the jury:

"You are instructed that if you find as a fact that the view west from the coalhouse on the occasion in question was unobstructed, and the deceased could, if he had looked, have seen the approaching cars, and have avoided being hit by them, then he was guilty of negligence contributing to his injuries, and the plaintiff cannot recover."

The requested instruction was properly refused. It wholly ignores the existence of the custom, and the right of deceased to rely for his protection upon its continued observance.

The judgment is affirmed.