TEXAS & P. RY. CO. v. McGRAW.
(No. 1993.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1918. Rehearing Denied Nov. 21, 1918.)

1. MASTER AND SERVANT ☜135—INJURY TO SERVANT—WARNING.

In a railway repairman's action for injury, due to being struck by an engine while at work near a track in a train shed, where there was evidence that it was customary to signal or give warning of the approach of locomotives, defend-ant owed plaintiff the duty of giving such warning.

2. MASTER AND SERVANT ☜289(4)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

A railway repair man, who was injured by a locomotive while engaged at his regular work near a track in a train shed, was not guilty of contributory negligence, as a matter of law, where he could assume that a custom of giving warning of the approach of engines would be observed.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by T. P. McGraw against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellee was struck by a locomotive engine and thereby injured while working for appellant in its shops at Marshall. On the ground that appellant's employés in charge of the engine were guilty of negligence in failing to warn him of its approach, he sued and recovered the judgment for $11,000, from which the appeal is prosecuted. It appeared from the testimony that the shops in which appellee was working were in a building 300 or 400 feet long east and west, and about 200 feet wide north and south. Two tracks about 16 feet apart, on which locomotive engines were operated, entered the shops from the east and passed west through it. Appellee was engaged in making endgates for coal cars. For this purpose he was using heavy pieces of plank about 8 feet long, which he placed lengthwise on trestles set near the north one of the two tracks. The ends of the planks projected from the trestles north towards the track, and so near to it that there was not space between the ends of the plank and the track for appellee to safely stand while an engine moved thereon past the trestles. Appellee was working at the northwest corner of a door (as it lay on the trestles) he was making, when a locomotive pushing a car entered the shops from the east and moved west 60 or 70 feet on said north track. As the engine approached appellee, he was warned by a switchman accompanying it to move from the place he was standing, and did so. At once, after the engine passed on west, appellee returned to the place he moved from, and proceeded with the work he was engaged in doing when he was warned to get out of the way of the locomotive. In from 15 to 30 minutes after the engine passed west, it returned east, striking appellee as it passed him where he stood at work, to wit, at the northwest corner of door he was engaged in making. Four hundred or 500 men worked in the shops, and it had been the custom to give warning to those of them in the way of

locomotives moving on the track; but on this occasion no warning was given to appellee as the engine moved back east, and he did not know until the engine struck him that it was moving east on the track.

F. H. Prendergast, of Marshall, for appellant.

S. P. Jones, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). The contentions presented by the assignments are: (1) That it did not sufficiently appear from the testimony that appellant was guilty of negligence as charged against it; (2) that, if it did so appear, it also appeared that appellee himself was guilty of negligence which contributed to cause the injury he suffered; and (3) that the judgment is excessive.

[1] The negligence charged against appellant was that it failed to warn appellee that the engine was moving east on the track situated near the place where he was working. Appellant insists that because appellee knew that the engine had passed west on that track and was likely at any time to return east thereon, it had a right to assume that he would watch for and take notice of it as it moved back east, and that, having a right to indulge such an assumption, and having no notice that appellee did not know that the engine was moving east it did not owe him a duty to warn him of its approach. We do not think the contention should be sustained in the face, as it would have to be, of testimony in the record showing it to have been the custom of employés who accompanied engines moving on that track to warn appellee as same approached the place where he worked, not only as such engines moved west, but also as, when returning, they moved east. Appellee as a witness testified:

"When a car would come in from the east they would notify me they were coming by hollering at me. In coming back they would ring the bell or holler at me again. I was always notified."

[2] We think the contention made that it appeared as a matter of law that appellee was guilty of contributory negligence also should be overruled. Appellee had a right to assume that the custom always before observed to warn him of the approach of an engine toward the place he was at work would not be discontinued without notice to him, and we do not think it can be said that he was guilty of negligence, as a matter of law, in acting on such an assumption on the occasion in question.

If the consequences to appellee of the injury he suffered were as serious as he testified they were, the judgment is not excessive. Evidently the jury, as they had a right

to, believed appellee's testimony; and we have found nothing in the record indicating the existence of a good reason why they should not have believed it.

The judgment is affirmed.