LANCASTER et al. v. HYNES. (No. 2146.)

(Court of Civil Appeals of Texas. Texarkana. June 19, 1919. Rehearing Denied June 26, 1919.)

1. DAMAGES ⬤⟶173(2)—TESTIMONY OF INJURED BRAKEMAN AS TO PROSPECTIVE PROMOTION ADMISSIBLE.

In an action by an injured brakeman against railroad receivers, testimony of plaintiff that he was in line of promotion from brakeman to conductor was admissible.

2. TRIAL ⬤⟶260(8) — REFUSAL OF SPECIAL CHARGES NOT ERROR WHEN FULLY COVERED BY THE COURT'S QUESTION TO JURY.

In a railroad brakeman's action for injuries, the refusal of special charges denying recovery to plaintiff on the finding of contributory negligence on his part was not erroneous, where the court's question on the point directly included every phase of the evidence and the matters contained in the special charges.

3. MASTER AND SERVANT ⬤⟶228(2)—CONTRIBUTORY NEGLIGENCE NO BAR TO RECOVERY UNDER FEDERAL SAFETY APPLIANCE ACTS.

U. S. Comp. St. § 8659, makes inapplicable the doctrine of contributory negligence to cases of injury to railroad employés in interstate commerce by reason of violation of the federal Safety Appliance Acts (U. S. Comp. St. §§ 8605–8619, 8621–8623).

4. DAMAGES ⬤⟶132(8)—EXCESSIVE VERDICT FOR PERSONAL INJURIES REDUCED.

Verdict for $7,500 in favor of a railroad brakeman, who sustained only a partial loss of the two outside fingers of the left hand, which loss disqualified him from continuing in service on standard railroads, was excessive by only $2,500.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Action by E. C. Hynes against J. L. Lancaster and others, receivers. From a judgment for plaintiff, defendants appeal. Affirmed conditionally, on filing of remittitur; otherwise, reversed and cause remanded.

The appellee, a brakeman, was on a freight train of appellants which was being operated in interstate commerce, and by reason of an insecure and defective grabiron, or handhold, on a car in the train was caused to fall and thereby received bodily injuries. This action was by the appellee to recover damages for the injuries sustained, which was alleged to have occurred through violation of the federal safety appliance laws. The appellants answered by denial and a plea of negligence on the part of the appellee. The case was submitted to a jury on special issues, and in accordance with the verdict a judgment was entered in favor of the appellee.

The following findings were made by the jury: (1) That the defendant failed to keep the car from which the plaintiff fell equipped with a safe grabiron or handhold; (2) that the plaintiff was not guilty of negligence proximately causing the injury; and (3) that the plaintiff suffered damages in the sum of $7,500.

The testimony conclusively showed that the appellants were engaged in the operation of an interstate railway as a common carrier of commerce between Texas and other states, and that at the time of the injury in suit the freight train was handling cars loaded with freight in transportation from Texas to Louisiana. The train was a long one, and when it stopped at a water station east of Dallas the appellee, a brakeman, in the discharge of his duties took a grease bucket and the necessary appliances for oiling hot boxes that might be found upon the train, and walked from the caboose toward the front end of the train. After taking water the train was started, and at the time it began to move appellee was towards the front part of the train. As the train began to increase its speed appellee, fearing that he could not board the train safely by waiting till the caboose reached him, undertook to climb onto an oil car between 10 and 12 car lengths from the caboose. As appellee caught hold of the handhold of the car, it gave way by reason of a defect

or loose bolt, and caused him to fall under the car, and as a result two fingers of appellee's left hand were so badly crushed that they had to be amputated at the first joint. The particular defect which caused appellee to fall was, as described, that one end of the handhold, or grabiron, on the side of the car, was either unfastened or insecurely fastened, and when appellee caught the same and placed his weight upon it in the effort to get upon the car the handhold gave way. This particular car was one provided with running boards for the use of employés in mounting the car, and, according to the testimony, it was a safe place for appellee to get upon and ride thereon while the train was in motion.

Armistead & Benefield, of Jefferson, and F. H. Prendergast, of Marshall, for appellants.

S. P. Jones, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] There was no error in allowing the plaintiff to testify that he was in line of promotion from brakeman to conductor, and the first assignment of error is overruled.

[2, 3] The second, third, and fourth assignments predicate error upon the refusal of the court to give certain special charges denying a recovery to plaintiff upon the finding of contributory negligence on his part. The case was submitted on special issues, and neither one of the special charges complained of was in the form of a question. The court's question was framed as follows:

"Do you find from a preponderance of the evidence in this case that the plaintiff was guilty of negligence, as herein defined, by attempting to get aboard the train at the time and place and in the manner as shown by the evidence?"

It directly included every phase of the evidence and the matters contained in the special charges. It is thought that it was not error to refuse the special charges on another ground, namely, that the plaintiff was injured by reason of the violation of the federal Safety Appliance Act, and that the federal Employers' Liability Law (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. §§ 8657–8665]) is applicable here. Sections 8608–8618, U. S. Comp. Stat. of 1918, require that cars be equipped with secure grabirons and ladders, and section 8659 makes inapplicable the doctrine of contributory negligence. T. & P. Ry. Co. v. Sprole, 202 S. W. 985; T. & P. Ry. Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874.

[4] By the fifth assignment of error it is contended that the amount of the verdict is excessive. The amount of the verdict, it is concluded, is much larger than is usually awarded as compensation for the particular kind of injury shown in this record. The extent of the injury here was the loss of part of the two outside fingers of the left hand, and it is considered that the contention that the amount of the verdict is excessive should not be overruled. Railway Co. v. Dorsey, 66 Tex. at page 153, 18 S. W. 444. But in fixing a proper amount it is to be considered that in this record there appears as damage to the appellee, besides the loss of a part of the two fingers, the fact that under rules of physical examination the injured hand operates as a bar to the appellee from continuing in railway service on standard railways.

In view of the particular record, it is believed that we may not require a remittitur of exceeding $2,500, which is here ordered to be made within 10 days from this date. Upon the filing of the remittitur required, the judgment will be affirmed; otherwise, the judgment will be reversed, and the cause remanded.