INTERNATIONAL & G. N. RY. CO. v. BARTEK. (No. 86–2889.)

(Commission of Appeals of Texas, Section A. June 21, 1919.)

1. CARRIERS ⟶316(9)—ACTION FOR PERSONAL INJURIES—BURDEN OF PROOF—RES IPSA LOQUITUR—CARETAKER ON FREIGHT TRAIN.

Where a caretaker of stock and household goods was injured in a derailment while riding on the car containing the shipment, and alleged specific acts of negligence on defendant's part relative to the roadbed and speed of the train, the rule of res ipsa loquitur does not apply, and an instruction placing the burden on defendant to establish its lack of negligence was error.

2. APPEAL AND ERROR ⟶499(4)—RECORD—RESERVATION OF OBJECTIONS — INSTRUCTIONS.

Where the record failed to show that objections to the charge were presented before it was read to the jury as required by Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), and Vernon's Sayles' Ann. Civ. St. 1914, art. 1973, in view of article 2061, Court of Civil Appeals need not consider the objections.

3. APPEAL AND ERROR ⟶230—RESERVATION OF OBJECTIONS—INSTRUCTIONS.

Where it appeared affirmatively that a request for a special charge embodying correct instructions was made after the giving of the main charge, it could not operate as an objection thereto under Rev. St. 1911, as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), and Vernon's Sayles' Ann. Civ. St. 1914, art. 1973, in view of article 2061.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by John Bartek against the International & Great Northern Railway Company for personal injuries. Judgment for plaintiff was affirmed on appeal to the Court of Civil Appeals (177 S. W. 137), and defendant brings error. Affirmed as recommended by the Commission of Appeals.

Wilson, Dabney & King, of Houston, and Neff & Taylor, of Waco, for plaintiff in error.

E. J. Clark and R. H. Kingsbury, both of Waco, for defendant in error.

STRONG, J. The plaintiff, John Bartek, brought this suit against the International & Great Northern Railway Company to recover damages for personal injuries alleged to have been suffered by reason of the negligence of said company. Plaintiff was a caretaker, riding in a car containing household goods and animals belonging to his father. His injuries were caused by the derailment of a car of the train on which he was riding. The negligence alleged was that the track and roadbed were not properly and adequately ballasted; that the rails were loose and insecurely fastened to the ties; that the ties were old and worn out; and that at the time of the wreck the train was being operated at a rate of speed which, by reason of the unsafe condition of the track, was dangerous. The defendant answered by general denial, and further pleaded that the plaintiff was guilty of contributory negligence in riding in the car containing the shipment, instead of in the caboose. The questions presented do not require a further statement of the case.

A trial before a jury resulted in a verdict and judgment in favor of plaintiff, which, upon appeal to the Third Court of Civil Appeals, was affirmed. 177 S. W. 137.

The principal question presented for review is the action of the trial court in instructing the jury in his main charge as follows:

"The burden of proof is on the defendant to establish, by a preponderance of the evidence, the fact that said wreck was not caused by its failure to exercise the highest degree of care in any of the ways alleged by the plaintiff as the proximate cause of his injuries, if any."

[1] The plaintiff having alleged specific acts of negligence on the part of defendant, the rule of res ipsa loquitur does not apply, and the charge of the court placing the burden on defendant to establish, by a preponderance of the evidence, its lack of negligence, was clearly erroneous, and requires a reversal of the judgment, if it was properly excepted to under the Practice Act of 1913 (Gen. Laws, p. 113), which was in force at the time of the trial.

Article 1971, R. S. 1911, as amended by Acts 1913, c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), provides, in substance, that after the evidence has been concluded, the charge shall be submitted to the respective parties, or their attorneys, for inspection, and a reasonable time given them in which to examine it and present objections thereto, "which objections shall, in every instance, be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

Article 1973, Vernon's Sayles' Ann. Civ. St. 1914, provides that either party may present to the judge, in writing, such instructions as he desires to be given to the jury, "provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

Article 2061 provides:

"The ruling of the court in the giving, refusing or qualification of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

[2] The Court of Civil Appeals, Chief Justice Key dissenting, refused to consider the defendant's assignment of error based on the action of the trial court in giving the above instructions, because, as held in the majority opinion, objections to the charge were not filed in the manner and within the time required by the above act. There is in the transcript a document styled "defendant's exceptions to court's charge," which contains a specific objection or exception to the charge because it places the burden on the defendant to show, by a preponderance of the evidence, its lack of negligence. This document is signed by counsel for the defendant, and shown to have been filed on the same day as the charge; but there is nothing in the record to show that the objections to the charge contained therein were presented to the trial judge before his main charge was read to the jury. The record failing to show that the objections to the charge were presented within the time required by the statute, the Court of Civil Appeals did not err in refusing to consider the assignments of error based thereon. Railway v. Dickey, 108 Tex. 126, 187 S. W. 184.

[3] The defendant, however, requested a special charge, which was refused, instructing the jury that the burden of proof was on the plaintiff to show, by a preponderance of the evidence, that the wreck was caused by one or more of the acts of negligence alleged in his petition. Chief Justice Key in his dissenting opinion holds that, as the requested charge was directly the converse of that given by the court on the burden of proof, it should be held sufficient as an objection to the court's charge on that subject, even though defendant failed to file objections to the charge. We would be inclined to adopt this view, but for the fact that the bill of exception to the refusal of the court to give the special charge shows that it was requested after the main charge was read to the jury. The bill recites that defendant's counsel prepared and presented the special charge to the

opposing counsel and the court "at the conclusion of the evidence and before argument of the case was begun, and after the giving of the main charge." It thus affirmatively appears that the special charge was requested too late to operate as an objection to the main charge, even if it could otherwise be considered sufficient as such. The act of 1913 clearly contemplates that special charges, as well as objections to the main charge, should be presented to the trial judge before his main charge is read to the jury.

We conclude, under the record as presented, that the Court of Civil Appeals did not err in refusing to consider the assignment of error based on the action of the trial court in giving the erroneous charge.

We are of the opinion that the judgment of the Court of Civil Appeals and that of the trial court should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.