### HINES, Director General of Railroads, v. LOGAN.

(Circuit Court of Appeals, Fifth Circuit. December 7, 1920.)

No. 3507.

1. **Commerce ☞27(8)—Inspector and repairer of cars held employed in "interstate commerce."**

    A railroad employee, who, when injured, was engaged in inspecting and repairing cars in a yard, some of which cars were being prepared for use in interstate and some in intrastate commerce, *held* employed in "interstate commerce," within the meaning of Employers' Liability Act, § 1 (Comp. St. § 8657).

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. **Master and servant ☞286(32)—Railroad's negligence as to car repairer held question for jury.**

    Evidence that an employee engaged in inspecting and repairing cars in a railroad yard was killed while passing through an opening of 3 or 4 feet left between two cars standing on a track for the convenient passage of employees, which opening was closed by the striking against one of the cars of moving cars, and that no warning of the approach of the moving cars was given as required by custom, *held* to warrant submission to the jury of the question of the employer's negligence.

3. **Master and servant ☞226(1)—Risk of employer's negligence not assumed.**

    An employee has a right to assume that the employer has exercised proper care with respect to providing a reasonably safe place of work, and does not assume a risk attributable to the employer's negligence until he becomes aware of it.

In Error to the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

Action at law by Martha L. Logan, administratrix of the Estate of John R. Logan, deceased, against Walker D. Hines, Director General of Railroads, operating the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. G. Smith, of Birmingham, Ala., for plaintiff in error.

George P. Bondurant, of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge.   This is a suit, under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665), to recover damages for the death of an employee of the Alabama Great Southern Railway Company, brought by the administratrix of the decedent against the Director General of Railroads.   The decedent, John R. Logan, was an employee of the defendant, engaged in inspecting and repairing cars in a railroad yard, adjacent to the terminal station in Birmingham, Ala.   Cars used in both intrastate and interstate commerce were in the yard at the time of Logan's death, awaiting his attention.   Some of them were being made ready for journeys into several adjoining and nearby states. Logan was on duty, and, as he was in the act of passing through an open space, of 3 or 4 feet, between two cars on one of the railroad tracks, was killed by one of these cars being forced against the other by the impact from a third car, which, though not coupled up to the car next to it, was being switched and placed upon the same track.   There was a verdict for plaintiff, and defendant sued out writ of error.

Defendant assigns error upon portions of the trial court's charge to the jury.   Exceptions do not appear to have been noted to any charge, and therefore the assignments based thereupon are not open for consideration.

Error was, no doubt inadvertently, assigned upon the denial of defendant's motion for a new trial.   Henderson v. Moore, 5 Cranch, 11, 3 L. Ed. 22.

The remaining assignments of error raise the questions: (1) Whether plaintiff's decedent was engaged in interstate commerce; (2) whether there was sufficient proof of negligence; and (3) whether plaintiff's decedent assumed the risk of the accident which resulted in his death.

[1] 1. We quote from Pedersen v. Railroad Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153:

"Among the questions which naturally arise in this connection are these: Was that work being done independently of the interstate commerce in which the defendant was engaged, or was it so closely connected therewith as to be a part of it?   Was its performance a matter of indifference, so far as that commerce was concerned, or was it in the nature of a duty resting upon the carrier?"

In the later case of Kinzell v. Chicago, etc., Railway Co., 250 U. S. 130, 39 Sup. Ct. 412, 63 L. Ed. 893, the Supreme Court said:

"It is also settled that the doing of work which has for its immediate purpose the furthering of the conduct of interstate commerce constitutes an employment in such commerce within the meaning of the act."

At the time of his death Logan was on his way either to inspect or repairs cars, some of which were admittedly being used in interstate commerce, and he was therefore engaged in the performance of a duty that was required of defendant.   He was inspecting, and, whereever necessary, repairing, cars which were being made ready for departure to several states, and was none the less engaged in interstate

commerce, although it was also his duty to inspect and repair cars which were being used wholly within the state of Alabama.

[2] 2. Defendant moved for a peremptory instruction in his favor upon the ground that there was insufficient evidence of negligence to warrant the submission of the case to the jury. The trial court would have committed plain error if it had refused to submit that issue. There was evidence to show that a custom existed to give warning, either by ringing the bell or blowing the whistle, of the approach of the train of cars to the point on the track where Logan was killed. Several witnesses testified they heard no warning, and no witness testified that any was given. There was also evidence that the space or opening, the closing of which resulted in Logan's death, was left there for the convenience of employees such as he was, and that there was a custom never to close it without warning. All the witnesses agreed that another custom in vogue at this particular place was that a lookout should be on the car nearest this space or opening, for the purpose of warning employees in case of danger. The trial court very ably and exhaustively charged the jury upon the facts, and left to them the questions of whether such customs as those mentioned were in existence, and whether defendant failed in its duty to observe them, and fully protected every right of the defendant by further charging the jury that plaintiff, notwithstanding evidence as to customs and failure to give warnings or provide a lookout, was guilty of contributory negligence in not being sufficiently alert to provide against the accident which ensued. In addition to the acts of negligence above set forth, it was shown, without conflict, that the opening left for employees to pass through was closed, and Logan was killed by the impact from the car which was being switched in, and that it was uncoupled from the train of cars of which it formed a part. The jury was amply justified in finding for plaintiff from this circumstance, taken in connection with the admitted knowledge of the switching crew that the opening existed for the purpose already stated. C. & O. Ry. Co. v. De Atley, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. Ed. 1016; C. & O. Ry. Co. v. Proffitt, 241 U. S. 462, 36 Sup. Ct. 620, 60 L. Ed. 1102.

[3] 3. The court refused to give a peremptory instruction in favor of defendant, based upon the ground that plaintiff's intestate assumed the risk of being injured or killed. There was no error in this ruling. In C. & O. Ry. Co. v. De Atley, supra, it was said:

"According to our decisions, the settled rule is, not that it is the duty of an employee to exercise care to discover extraordinary dangers that may arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employee may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them."

From C. & O. Ry. Co., v. Proffitt, supra, we also quote the following:

"And, as has been laid down in repeated decisions of this court, while an employee assumes the risks and dangers ordinarily incident to the employment in which he voluntarily engages, so far as these are not attributable to

the negligence of the employer or of those for whose conduct the employer is responsible, the employee has a right to assume that the employer has exercised proper care with respect to providing a reasonably safe place of work (and this includes care in establishing a reasonably safe system or method of work), and is not to be treated as assuming a risk that is attributable to the employer's negligence until he becomes aware of it, or it is so plainly observable that he must be presumed to have known of it. The employee is not obliged to exercise care to discover dangers not ordinarily incident to the employment but which result from the employer's negligence."

At defendant's request the court charged the jury:

"The court charges the jury that an employee of a railroad assumes the risk of the ordinary dangers of his occupation, as well as those that were known to him, or so clearly observable that he would be presumed to know them, and there can be nó recovery for injuries resulting from such dangers as naturally arise from the ordinary duties of his occupation.

"The court charges the jury that if plaintiff's intestate knew, or by the use of ordinary care should have known, of the risks and hazards that resulted in his injury or death, or if his injury and death were caused by the ordinary dangers of his occupation, there can be no recovery in this action, as plaintiff's intestate assumed such risk, although he did not assume any peril due to the negligence or carelessness of the defendant, of which he could not learn by the use of ordinary care."

These charges sufficiently protected the defendant's rights upon the question of assumption of risk. The additional charges requested upon that subject were in conflict with the foregoing quotations from the Supreme Court.

Error is not made to appear by any of the assignments, and the judgment is affirmed.