## TEXAS & P. RY. CO. v. BALDWIN.
### No. 648.

Court of Civil Appeals of Texas. Eastland.
Jan. 31, 1930.

Rehearing Denied March 14, 1930.

T. D. Gresham and R. S. Shapard, both of Dallas, B. L. Russell, of Baird, and Shropshire & Bankhead, of Weatherford, for appellant.

Simpson, Collins & Moore and Leo Brewster, all of Fort Worth, for appellee.

LESLIE, J.

In this cause C. C. Baldwin sued the Texas & Pacific Railway Company to recover damages alleged to have been occasioned him by reason of injuries sustained by him as a proximate result of various acts of alleged negligence on the part of the defendant, its agents and servants. The trial was before the court and jury, and upon answers to special issues a judgment for $20,000 was entered in favor of the plaintiff. Defendant's motion for a new trial was overruled, and it prosecutes this appeal.

The appellee, Baldwin, was a switchman and engine herder in the appellant's railway yards at Baird, Tex. As such employee it was his duty to make up and break up trains coming into that yard and to take engines to and from trains and the roundhouse. In the course of his employment, on the night of February 9, 1928, he (with his crew) took an engine to a point in the east end of the yards and then started north across the tracks to get another engine to take to the roundhouse. While attempting to cross the first track north of the stopping point, he was struck by a caboose, knocked down, and injured.

The appellee charged that one or more of the following acts of negligence, acting either separately or concurrently, was the proxi-

mate cause of his injuries: (a) That the handbrakes on both ends of the caboose were defective and inefficient; (b) that the handbrakes on the east end or front end of the caboose were defective and inefficient; (c) that the caboose was, contrary to custom, operated through the yards on a dark night without any character of light or signal on the front end; (d) that the caboose was, contrary to custom, operated through the yard on a dark night without a switchman or other person on the east or front end to warn employees in the yard of its approach; (e) that the caboose was being operated through the yards at a dangerous and excessive rate of speed at the time it struck the appellee.

The appellant answered by general and special exceptions and general denial, plea of contributory negligence, and assumed risk, it being alleged that both appellant and appellee, at the time of the injuries, were engaged in interstate commerce, and that the appellee was merely in the discharge of customary duties in a usual yard movement of engines, had full knowledge of the matters alleged in his petition as constituting negligence, appreciated the dangers thereof, continued in the employment under the circumstances, and therefore assumed the risks of injury arising therefrom.

The appellant bases this appeal upon fifty-eight propositions of law. Those which raise the same questions of law from different angles will be grouped and considered together. It is admitted that the appellant and appellee were, at the time of the injuries, engaged in interstate commerce. The Federal Employers' Liability Act (45 USCA §§ 51–59) is therefore material. There appears to be no controversy over the general principles of law applicable to the facts of the case, and the main contentions involve the existence of such evidence as justified the court in submitting the various issues of negligence to the jury, and whether or not the jury's verdict is supported by the testimony.

Appellant's propositions (a), (b), (c), (d), (e), and (f) are addressed to the action of the trial court in refusing to grant its motion for an instructed verdict. These contentions are that the uncontradicted evidence was that the plaintiff's negligence was the sole cause of his injuries; that the caboose was in a usual yard movement, with efficient brakes; that the employees in charge of the same did not discover the appellee in danger, were under no obligations to keep a lookout or light on the car to warn him of its approach, but had a right to assume appellee, an experienced employee in the yard, familiar with its movements, would keep a lookout for his own safety; that appellee, not being exposed to any unusual danger and familiar with the yard movement and switching of cars and cabooses, assumed the risk of injury from their movement; that, under all the circumstances of

the case and the Federal Employers' Liability Act, the appellee assumed the risk of injury.

These propositions raise substantially every major question arising on the appeal, and the different phases of these contentions are presented under other of the fifty-three remaining propositions embraced in the brief. In such cases a more detailed consideration will there be given the questions raised, as well as more particular reference made to the facts found and the authorities relied on. For the present, suffice it to say that a study of this record convinces us that the court did not, for any of the reasons assigned in the preceding propositions, err in overruling the appellant's motion for an instructed verdict.

By reason of their important bearing upon the issues of negligence on the part of the appellant and of contributory negligence on the part of appellee, we now determine the important questions of: (1) Whether there was sufficient evidence to support the findings of the jury that the appellant was negligent in operating the caboose through the railroad yards at night without a light on the east end as a warning, and that such negligence was a proximate cause of appellee's injuries (issues 5 and 6); and (2) whether the evidence was sufficient to support the jury's findings that the appellant was negligent in operating the caboose through the yard at night without a switchman or other person on the front or east end thereof, and that such negligence was the proximate cause of the appellee's injuries (issues 7 and 8).

In considering these propositions (11, 12, 13, 14, 34, 35, 36, and 37) special attention has been given to the question of the sufficiency of the evidence to establish appellee's contention to the effect that at the time of his injuries it was and had been the custom, in switching cars and cabooses through the yard at night, to carry a light or switchman or other person upon the front or east end of cabooses to serve as a warning and protection to employees engaged in the performance of their duties in the yard at the same time. The judgment of the trial court necessarily implies a finding that such a custom existed, and it will be our duty, under this record, to presume, in support of the judgment, such a finding in its favor. To our minds the evidence is sufficient to establish that such a custom had long been established for the benefit and protection of employees working in the yard, as well as for the protection of cars being switched therein. We are further of the opinion that on the occasion of the appellee's injuries appellant disregarded each of the customs and in so doing violated its duty to the appellee, who had a right to rely upon the company's observance of the customs, and the evidence is sufficient to support the jury's

verdict that the violation of such rule or custom was in each respect a proximate cause of appellee's injuries.

There is a great volume of testimony, and it would be impossible, as well as useless, to undertake to incorporate any great proportion thereof in this opinion. Substantially it is to the effect that, on the occasion of the appellee Baldwin's injuries, he was an employee in the railroad yards of the defendant at Baird, Tex., a division point. That the yard is large, containing various tracks. Some lie south of the main railway line, which runs east and west through the center of the yard, and others lie north of the main track; all are connected. The first track south of the main line was "South Track No. 1," the next, "South Track No. 2," etc. The first track north of the main line was designated "North Track No. 1," the next "North Track No. 2," etc. The yard slopes from the west to the east, and the tracks run on a decline of approximately 1 per cent., and cars were by force of gravity moved or dropped through the yard from the west to the east end thereof, the same being about three-fourths of a mile distant. At the time of appellee's injuries, there were numerous employees in the yard, and in the discharge of their duties it was necessary for them to cross and walk upon the different tracks. The night was dark, and the appellee was in the discharge of his duties in attempting to cross the track at the time of his injuries. The appellant and its employees knew that the appellee and other employees in the yard might at any time make just such use of the yard and tracks as the appellee was making when injured. That the caboose was being dropped through the yard without light or lookout on the front or east end of the same to warn the appellee or other employees of its approach. The appellee and his crew had taken an engine off a freight train and brought it to a point in the southeast part of the yard, stopping the same on track No. 2. He dismounted from the footboard of the locomotive, went around to the gangway, informed his crew that it would be necessary to go to a point on the north side of the yard to get the other locomotive and bring and attach it to the first, that both could be taken to the roundhouse together. In giving the directions to his crew he was facing south. He then turned to the north; his engine was making some noise. He looked east and west along the tracks, neither saw nor heard the approach of the caboose in the dark, and then started to cross south track No. 1 toward the other locomotive. In stepping upon south track No. 1, he was struck by the caboose, which, according to the testimony, had inoperative brakes on the east end and inefficient brakes on the west end thereof, being dropped through the yard by other employees without light or watchman on the front or east end thereof. That he never saw or heard the caboose approaching until it was right on him; that he made a lunge to escape, but was unable to do so, since the speed thereof was too great. That he was knocked down and dragged approximately 195 feet, during which time he was clinging to something under the caboose and hollering. That he managed to avoid serious injury until about the last 25 or 30 feet, when his right arm caught under the wheel, was severed from his body, and the other injuries inflicted, which resulted in serious and permanent injuries alleged as a basis for recovery herein. That appellee was carrying a light usually carried by such employees and which was observable at great distance. The evidence is undisputed that neither light nor watchman was upon the front end of the moving caboose.

The above is a brief summary of the appellee's testimony, which was corroborated in its essential features by various other witnesses, and on the other hand the appellant's testimony in the main is to the contrary. It cannot therefore be said, as a matter of law, that the court erred in submitting the case to the jury because of a total absence of any evidence of negligence upon the part of the appellant. On the other hand, the jury appears to have believed the testimony of the appellee on the issues submitted, and their conclusions upon conflicting testimony are, in our opinion, well supported. Under the prevailing custom the appellee had a right to expect that the caboose would not be dropped through the yards, as it was without either a light or watchman on the front or east end thereof for his protection and the protection of other employees similarly situated in the discharge of their duties. That the evidence of such custom and the appellant's violation thereof proximately contributed to Baldwin's injuries is sufficient to support a finding of negligence based upon such violation cannot be doubted under the facts of this record, and under the rules of law established by the authorities, both state and federal. G. H. & S. A. Ry. Co. v. Wafer, 48 Tex. Civ. App. 279, 106 S. W. 897 (error refused); G., C. & S. F. Ry. Co. v. Hays, 40 Tex. Civ. App. 162, 89 S. W. 29; M., O. & G. Ry. Co. v. Dereberry (Tex. Civ. App.) 167 S. W. 30 (error refused); T. & P. Ry. Co. v. McGraw (Tex. Civ. App.) 207 S. W. 559 (error refused).

The rule announced in the above cases where negligence was predicated on the violation of a custom or rule by the railway company has been followed and approved in Texas cases tried under the Federal Employers' Liability Act, and the holdings in such cases have been approved by the Supreme Court of the United States by denials of application for a writ of certiorari. In some the custom arose from general practice of the company, and in others from an established rule. See the

following: St. L. S. W. Ry. Co. v. Martin, 165 Ark. 30, 262 S. W. 982, certiorari denied 266 U. S. 623, 45 S. Ct. 123, 69 L. Ed. 473; Toledo, St. L. & W. Ry. Co. v. Bartley (C. C. A.) 172 F. 82; Chicago M. & St. P. Ry. Co. v. Dutcher (C. C. A.) 182 F. 494; Halt v. Cleveland, C. & C. & S. L. Ry. Co. (Mo. Sup.) 279 S. W. 148, certiorari denied by Sup. Ct. 271 U. S. 668, 46 S. Ct. 483, 70 L. Ed. 1142; Hines, Director, v. Knehr (C. C. A.) 266 F. 340; Hines v. Logan (C. C. A.) 269 F. 105; Director General v. Templin (C. C. A.) 268 F. 483, 485; certiorari denied 254 U. S. 656, 41 S. Ct. 218, 65 L. Ed. 460; St. L. & S. F. Ry. Co. v. Jeffries (C. C. A.) 276 F. 73; Lehigh Valley Ry. Co. v. Doktor (C. C. A.) 290 F. 760; B. & O. Ry. Co. v. Robertson (C. C. A.) 300 F. 314, certiorari denied 266 U. S. 613, 45 S. Ct. 95, 69 L. Ed. 468.

We deem it unnecessary to distinguish between the customary situation of light or lookout carried by box cars and those carried by cabooses when being dropped through the appellant's yard at night at the time of the appellee's injuries. That each was moved on such occasions with due regard to the alleged custom is supported by the testimony.

The appellant's argument under its first proposition and all of its major contentions throughout its brief are grounded upon a construction of the case evidenced by the following language, to be found on page 158 of its brief: "Then we have this situation. Defendant's employees were in its yard at the time of the accident, doing the work in hand in the usual manner and custom. There was no change made in the manner of doing the work. Every movement was made in the customary way, according to the usual practice employed in said yard for years. Plaintiff was perfectly familiar with the custom of switching and dropping the cars through said yards with or without light and without providing them with a lookout or lights on the front end thereof. He knew that sometimes that light would be placed on the front end and sometimes there would be no light placed on the front end of such moving car."

We do not so interpret this record. As said by the Circuit Court of Appeals in the Templin Case, supra, the appellant "has disregarded the fact and effect of the custom found." In the instant case the same may be said as to the condition of handbrakes on both ends of the caboose, the jury having found them defective and inefficient. The same may also be said of the condition of the handbrake on the east end of the caboose, as well as the speed at which the car was passed through the yard. Each and all of these elements established by the various findings of the jury prevented the movement of the caboose on the occasion of appellee's injuries being "made in the customary way, according to the usual practice employed in said yard for years." As stated, the appellee's testimony affirmed the existence of the said custom, denied that

he had ever violated the same, or seen any one else do so. He supported his own evidence in these respects with other substantial testimony, and we are forced, upon the record, to hold the appellee's injuries proximately caused by the appellant's violation of a known custom. Such being the case, it does not fall within the rule announced in Aerkfetz v. Humphreys, 145 U. S. 418, 12 S. Ct. 835, 36 L. Ed. 758, and the other cases following that authority and cited by the appellant, all of which are to be distinguished from the present case, in that those cases the existence of a rule or custom and a violation thereof did not enter into a determination of the appellant's negligence and the plaintiff in such cases seems to have breached some duty imposed on him by law or rule itself, and the injuries were attributable thereto. They are not controlling here. In those cases the court held either that there was no negligence shown or that the plaintiff in fact assumed the risks incident to the employment. In other words, switching and moving cars without light or lookout was rather the custom in those cases. These propositions are overruled.

Propositions 6, 7, 8, 9, 10, 18, 19, 20, 21, 29, 30, 31, 32, 33, 40, 41, 42, 43, and 53 relate to questions arising upon the contention of the appellee that the handbrakes on both ends of the caboose were defective and inefficient, and that such conditions proximately caused his injuries.

In answer to issue No. 1, the jury found the brakes on both ends of the caboose to be defective and inefficient, and in answer to the second issue found such condition proximately caused appellee's injuries. It further found, in response to issues: (1) That by ordinary care and diligence in inspecting the caboose the appellant could have discovered the condition of the brakes; (2) that the operation of the caboose, with brakes in such condition, was negligence on part of appellant; and (3) that the same proximately caused the injuries.

In answer to the next group of issues, the jury found: (1) The brakes on the east end of the caboose defective and inefficient; (2) that such condition of brakes proximately caused appellee's injuries; (3) that the operation of the caboose by the appellant at the time of the injury, with the brakes on the east end in their then condition, was negligence; and (4) that the same proximately caused the appellee's injuries.

■■ The testimony relating to these issues is long and will not be repeated. We have examined it closely and conclude that it called for the submission of the issues stated and that it supports the jury's answer to each of them. Permitting a car with defective brakes to be operated on a railroad line is negligence per se under the Safety Appliance Act (45 USCA § 1 et seq.). B. & O.

Ry. Co. v. Groeger (C. C. A.) 288 F. 321, 266 U. S. 521, 45 S. Ct. 169, 69 L. Ed. 419 (certiorari denied); Great Northern Ry. Co. v. Donaldson, 246 U. S. 121, 38 S. Ct. 230, 62 L. Ed. 616, Ann. Cas. 1918C, 581.

■There is sufficient testimony in this record that, after the appellee was struck and knocked down, he clung to something beneath the car until it dragged him approximately 195 feet; that he was hollering; and that if the brakes had been good ones such a car going ten miles per hour (the jury found the caboose was going 8 or 9 miles per hour) could have been stopped in a car and a half length, about 60 feet, and that from the physical facts and the presence of blood on the track, as well as other testimony, the appellee sustained the injuries the last 25 or 30 feet. Considering such a situation, and without going further into the details, it occurs to us the jury was warranted in concluding that appellant could have reasonably anticipated or foreseen that, if the caboose did happen to strike an employee, knocking him down as it did appellee, it could not be stopped within a reasonable distance with the brakes in a defective condition, or in time to prevent injuring him seriously. In any event, it was a question for the jury to determine whether in any given case an injury similar in character to that under investigation or sustained by the appellee ought to have been foreseen as a result of an act of negligence established by the evidence. G. H. & S. A. Ry. Co. v. Sweeney, 6 Tex. Civ. App. 173, 24 S. W. 947; Ft. Worth Belt Ry. Co. v. Cabell (Tex. Civ. App.) 161 S. W. 1083.

As contended by the appellee, we think it reasonably appears from the record that, if the brakes had been in good order, the appellant's agent Morehouse, in charge of the caboose, would have been able to control the speed of the same and have stopped it before the appellee sustained his bodily injuries. Evidently it was the appellee's hollering that notified Morehouse that appellee was in peril, and such notice was most likely borne to him almost immediately after the caboose struck Baldwin. In this connection it will be remembered there is testimony that the jammed or defective condition of the brake on the east end rendered the west end brakes with partial breaking power. Thus it is but fair to concede, as found by the jury, that at the time Baldwin sustained the serious injuries the caboose was being negligently controlled and operated by reason of the defective condition of the brakes. That is the necessary effect of the verdict. Such a case was that of the Union Pacific Ry. Co. v. Huxoll, 245 U. S. 535, 38 S. Ct. 187, 62 L. Ed. 455, and there defective power brakes on a locomotive was held to be the proximate cause of the appellee's injuries on a state of facts strikingly like these, but not so strong.

■Further, the evidence is to the effect that, had the brakes on the east end of the car not been inoperative and out of commission, the appellant's employee Morehouse would have ridden that end with his lantern in hand or near by, thereby maintaining a lookout and exhibiting a warning, according to the alleged custom. This situation caused the appellant's switchman to ride the rear platform of the caboose. He placed no character of light on the front platform, and the one he carried with him could not be seen at all toward the east, since, as described in his testimony, he was riding the blind end of the caboose, where he could neither observe nor be observed. This deprived the appellee of any warning of the approach of the caboose, and such he would appear to have been entitled to under the prevailing custom. Thus we have concurring causes or acts of negligence, but, as said in M. K. & T. Ry. Co. v. Lasater, 53 Tex. Civ. App. 51, 115 S. W. 103, 104: "If a carrier is negligent in two particulars, and either negligent act alone is sufficient to cause an injury, but both, acting concurrently, are the proximate cause of a wreck and subsequent injury, the carrier is liable." This phase of the case will not be further discussed in detail, but, considering the record as a whole, we are of the opinion that it establishes that the appellee's injuries or a similar injury to an employee should have been reasonably anticipated as a probable result of moving the car at night through the yards with its defective and inefficient brakes. The elements of proximate cause are not lacking. The above propositions are overruled.

The next group of propositions, 15, 16, 17, 38, and 39, challenge the sufficiency of the evidence to justify the submission of the issue inquiring the rate of speed traveled by the caboose at the time of appellee's injuries, whether same was negligence and whether such negligence was the proximate cause of the injuries.

■The jury found that the caboose was being operated through the yard at a negligent rate of speed, 8 or 9 miles per hour, and that such negligence was the proximate cause of appellee's injuries. As we view the testimony, the issues were called for and the jury's verdict is supported thereby. The circumstances attending the accident have been substantially detailed. However, it may be further observed that the testimony of the witnesses as to the speed of the caboose differed; some say 15 or 18 miles per hour, others 5 or 8 miles per hour, and another that a car moving by gravity through the yard would, if unrestrained, be going 30 miles per hour on reaching the east end of the yard. The jury found the rate to be about 8 or 9 miles per hour, or about 12 feet per second, at the time of the accident. The night was dark, the appellant was aware that a num-

ber of employees were in the yard and required by their work to move about over same and across the tracks. No light or watchman was upon the front end of the car to give warning or make observation, nor where they could be observed. The caboose carried no warning; the brakes were inefficient, as found. A fast moving car is more dangerous than a slow one; it is more difficult to control or stop and efficient brakes are necessary. The employees could see but a few feet by the light from their lanterns, as they are so constructed as to cast the rays downward. If the car were moving fast, the employee would be hit practically as soon as it could be discovered by him on a dark night, and he might possibly escape if it were traveling slowly. Under this and other circumstances reflected by the record, we do not think it can be said, as a matter of law, that a person of ordinary care and prudence would have operated the caboose through the yards on the occasion of the injury at the rate of 8 or 9 miles per hour. Reasonable minds might differ on the question, and it was therefore properly submitted to the jury, as well as the issue of proximate cause based thereon. M., K. & T. Ry. Co. v. Lasater, 53 Tex. Civ. App. 51, 115 S. W. 103; Texas Mexican Ry. Co. v. Higgins, 44 Tex. Civ. App. 523, 99 S. W. 200.

Viewed from this aspect of the case, the testimony carries all the elements necessary to meet the test of whether an act is the proximate cause of an injury, and the jury's verdict on that issue will not be disturbed. This group of propositions is overruled.

Propositions 1, 44, 49, and 52 present from different angles the question of whether the appellee assumed the risk of his injuries. Under issues and proper definitions, the jury found the appellee did not assume any risk and danger arising from the negligence of the master, and in answer to special issue No. 3, requested by appellant, the jury found that the appellee did not assume the risk of any injury from the operation of the caboose in the manner it was operated at the time and place of the accident in going on the railroad track at such time and place and in the manner he did. These propositions practically call for a reconsideration of the testimony as a whole.

Appellant's request for peremptory instruction was based on its contention that the appellee, being engaged in a customary yard movement, assumed the risk as a matter of law. By one proposition of the above group it is contended that the answer of the jury, finding that the appellee did not assume the risk, is unsupported by the evidence, since the movement of the caboose was a usual one, familiar to the appellee, and the appellant therefore owed no duty to place light or watchman on the front end of the car or elsewhere. Another proposition is that the evidence does not support the answer of the jury to special issue No. 2, above, for the reason that the appellee, after seeing the caboose, deliberately stepped in front of it, which was negligence on his part, constituting the sole cause of his injuries. It is further contended that the verdict and judgment are contrary to the law and the evidence.

We will not undertake to restate the evidence or our conclusions heretofore expressed. We overrule the above contentions for the following reasons:

(1) The doctrine of assumed risk as a matter of law does not apply in the instant case, because a violation of the Safety Appliance Act contributed to the appellee's injuries, as established by the verdict of the jury on sufficient testimony. 45 USCA § 54; Union Pacific Ry. Co. v. Huxoll, 245 U. S. 535, 38 S. Ct. 187, 62 L. Ed. 455; B. & O. Ry. Co. v. Groeger (C. C. A.) 288 F. 321; Minneapolis, St. P. & S. S. M. Ry. Co. v. Goneau, 269 U. S. 406, 46 S. Ct. 129, 70 L. Ed. 335; Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 496, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Payne v. Connor (C. C. A.) 274 F. 497, 501.

From the last authority we quote: "As there was evidence from which the jury could have found that the brakes upon the three cars were insufficient, and that their insufficiency contributed to the plaintiff's injury, the plaintiff was entitled to have his case submitted to the jury on that ground alone. In such case the questions of contributory negligence and assumption of risk would be immaterial. * * * The defendant's duty to equip and maintain its cars with sufficient and adequate brakes was an absolute one. C., B. & Q. Ry. v. United States, 220 U. S. 559, 570, 31 S. Ct. 612, 55 L. Ed. 582; Norfolk & W. Ry. Co. v. United States, 177 F. 623, 101 C. C. A. 249."

(2) Appellant's contentions in these propositions cannot be sustained for the further reason it has been determined under proper issues that the appellee's injuries resulted from acts of negligence on the part of appellant's other employees which acts were neither known to him nor so plainly observable that he would be presumed to have known them. The courts have uniformly followed the rule that the railroad employee does not, as a matter of law, assume the risk of injury for his employer's acts of negligence, unless the same are known to him or are so obvious that an ordinarily prudent man would observe them and appreciate the danger. T. & N. O. Ry. Co. v. Cammack (Tex. Civ. App.) 280 S. W. 864 (writ refused); M. P. Ry. Co. v. Steen (Tex. Civ. App.) 288 S. W. 532; Choctaw, Okla. & G. Ry. Co. v. McDade, 191 U. S. 65, 24 S. Ct. 24, 48 L. Ed. 96; Yazoo & M. V. Ry. Co. v. Wright, 235 U. S. 376, 35 S. Ct. 130, 59 L. Ed. 277; Seaboard Air Line Ry. Co. v. Koennecke, 239 U. S. 352, 36 S. Ct. 126, 60 L. Ed. 324; Chesapeake, etc., Ry. Co. v. De Atley,

241 U. S. 315, 36 S. Ct. 564, 60 L. Ed. 1016; McGovern v. Ry. Co., 235 U. S. 389, 35 S. Ct. 127, 59 L. Ed. 283; Director General v. Templin (C. C. A.) 268 F. 483, Id., 254 U. S. 656, 41 S. Ct. 218, 65 L. Ed. 460; Smith v. Payne (C. C. A.) 269 F. 1; New York Cent. Ry. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629.

■ We will not review the testimony relating to the defective and inefficient brakes, excessive speed, and the appellant's disregard of an established custom. The issues arising under these theories of negligence and the element of proximate cause have been foreclosed by the jury in favor of the appellee, and on testimony which must be viewed in the light most favorable to the verdict and judgment. So viewing it, the conclusion necessarily follows that the appellee had no knowledge or appreciation of the appellant's negligence in the above respects prior to the time of the accident.

■ (3) The appellee did not assume the risks of his injuries as a matter of law, because he proved that the proximate cause of his injuries was a violation of a custom by appellant. It seems to be the settled rule that assumed risk is a question for the jury when the plaintiff proved that his injuries were proximately caused by the violation of a custom of handling cars in a railroad yard. Director General v. Templin, supra; Chesapeake, etc., Ry. Co. v. De Atley, supra; C. & O. Ry. Co. v. Proffitt, 241 U. S. 462, 36 S. Ct. 620, 60 L. Ed. 1102; McGovern v. Ry. Co., 235 U. S. 389, 35 S. Ct. 127, 59 L. Ed. 283; Hines v. Logan (C. C. A.) 269 F. 105; G. N. Ry. Co. v. Mustell (C. C. A.) 222 F. 879; T. & N. O. Ry. Co. v. Tilley (Tex. Civ. App.) 297 S. W. 1065; M. O. & G. Ry. Co. v. Dereberry (Tex. Civ. App.) 167 S. W. 30 (writ refused); T. & P. Ry. Co. v. Aaron (Tex. Civ. App.) 19 S.W. (2d) 930.

The trial court correctly refused to instruct a verdict on the ground that the appellee assumed the risk of his injuries, and the jury's finding that he did not assume them is supported by the testimony. These propositions are overruled for the reasons stated.

The appellant, in support of its contention that the appellee assumed the risk of his injuries, cites a great many authorities. They have heretofore been referred to. Those cases are not like the case in hand. In those cases the evidence does not establish the existence of a custom and a violation thereof by the carrier, and the injured employees in those cases appear to have been injured in usual yard movements.

Propositions 1, 45, 47, 48, 50, and 51, from one viewpoint or another present the contention that the appellee was guilty of contributory negligence, which, as a matter of law, was the sole proximate cause of his injuries, and that the evidence did not justify the submission of issues relating to contributory negligence. In response to special issue No. 17, and upon the question of negligence generally, the jury found that the appellee was not guilty of negligence "in stepping upon the track in front of the moving caboose or in the method adopted, or in the manner of the movement made by him when passing over the defendant's tracks." Answering appellant's specially requested issue No. 1 (accompanied by a definition of contributory negligence requested by appellant), the jury found that plaintiff was not guilty of negligence "which was the sole proximate cause of his injuries in going on the railroad track in front of said approaching caboose in the manner he did at the time and place of the accident."

In answer to appellant's specially requested issue No. 2, the jury found "that the plaintiff was not guilty of negligence which proximately contributed to his injuries in going on the railroad track at the time and place of the accident in the manner he did." This special issue No. 2 was substantially a duplication of the court's general issue 17.

■ Since the jury has found on sufficient testimony that, on the occasion of the appellee's injuries, the caboose was being operated with defective and inefficient brakes, proximately causing the appellee's injuries, the question of contributory negligence is thereby taken out of the case. The appellant stands convicted of the violation of the statute enacted for the safety of employees. See 45 USCA § 53. The same has been construed in the following authorities: Union Pacific Ry. Co. v. Huxoll, 245 U. S. 535, 38 S. Ct. 187, 62 L. Ed. 455; Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 640, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Lancaster v. Hynes (Tex. Civ. App.) 214 S. W. 957; McAdoo v. McCoy (Tex. Civ. App.) 215 S. W. 870; Payne v. Connor (C. C. A.) 274 F. 497.

The trial court, for these reasons, correctly refused a peremptory instruction in favor of the defendant.

Further considering the question of contributory negligence in the case as available as an issue to the appellant, that issue was submitted to the jury in correct form, and its verdict, exonerating the appellee of negligence, is supported by the testimony.

The right of an employee to assume that a custom theretofore observed in the master's yards would not be disregarded by the railroad or its employees without due warning to him is considered in the following authorities: T. & P. Ry. Co. v. McGraw (Tex. Civ. App.) 207 S. W. 559; Toledo, etc., Ry. Co. v. Bartley (C. C. A.) 172 F. 82; Wineinger v. Union Pac. Ry. Co. (C. C. A.) 276 F. 65.

The appellee's position under the present contentions is strengthened by the fact that there is testimony to the effect that he looked

and listened and exercised ordinary care for his safety before going upon the track where injured. That is more than was done by the employee in the case of Toledo, etc., Ry. Co. v. Bartley, supra, and would seem to be more than is required where the violation of the custom is involved, the employee in such cases having right to proceed upon the theory that a recognized custom will not be violated without due notice to him.

Appellant's second, third, and twenty-sixth propositions relate to the issue of contributory negligence. It is contended that the charge on that issue was erroneous and that the court should not have refused appellant's specially requested issue No. 10.

■ The appellee objects to the consideration of propositions 2 and 3. In fact, in the beginning of his brief he objects to the consideration of propositions 2 to 22, both inclusive. These propositions are based upon the action of the trial court in overruling all its objections to the court's main charge. Appellant preserved its objections to the charge by a bill of exception. Nowhere in the bill does appellant state what time said objections to the charge were presented to the court, and there is nothing in the record that in any way discloses whether the objections were presented to the court before or after the reading of the charge to the jury. The record should affirmatively show that the complaining party presented its objections to the charge before it was read to the jury to entitle it to complain of the alleged errors in the charge on the ground of the objections made. Article 2185, R. S. 1925. This article was first construed in G., T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184, 189. That case reached the Supreme Court, where, in an opinion by Chief Justice Phillips, in reviewing the decision of the Court of Civil Appeals (171 S. W. 1097), it was held with reference to said article of the statute: "To accomplish the purpose of the amendatory Act in its relation to the general charge, there should, of course, be some authentic record that the objections to the general charge urged on the appeal were in fact presented to the trial court, and presented before the charge was read to the jury."

For other authorities, see M. K. & T. Ry. Co. v. Churchill (Tex. Com. App.) 213 S. W. 253; Hovey v. Sanders (Tex. Civ. App.) 174 S. W. 1025.

Having elected to present his objections to the charge in the form of a bill of exceptions, it was necessary that the bill show all the facts necessary to manifest error. I. & G. N. Ry. Co. v. Bartek (Tex. Com. App.) 213 S. W. 602; Mutual Life Ins. Ass'n v. Rhoderick (Tex. Civ. App.) 164 S. W. 1067, 1068; Roberds v. Laney (Tex. Civ. App.) 165 S. W. 114.

■ In sustaining the appellee's objections to the consideration of appellant's proposi-

tions 2 to 22, inclusive, and the assignments upon which they are based, we are not passing upon a mere matter of briefing about which this court has considerable latitude, but we are giving effect to a provision of the statute which is mandatory.

However, the merits of the appellant's contentions with respect to alleged errors in the court's charge (aside from the appellee's objections just sustained) have not escaped our consideration. The issue of contributory negligence became immaterial under the jury's finding that a violation of the Safety Appliance Act contributed to the appellee's injuries. 45 USCA § 53; The Huxoll, Horton, Hines, McCoy, and Connor Cases, supra.

■ The appellant's main objection to the charge on contributory negligence was because the court did not tell the jury that contributory negligence on the part of an employee was the failure to use such care for his safety as an ordinarily prudent employee under similar circumstances would use. The court defined "negligence" and "contributory negligence" in the same paragraph. In substance, "negligence" was defined as the doing of that which an ordinarily prudent person would not do under the same or similar circumstances, or the failure to do that which an ordinarily prudent person would do under the same or similar circumstances. An ordinarily prudent person, in the same or similar circumstances as the plaintiff, would necessarily be only an employee placed in the same or similar circumstances which Baldwin was, in on the occasion of his injuries. Appellant's contentions are technical and without merit. Any reasonable construction of the charge necessarily embraces the contention made by appellant. In the Horton Case the opinion uses this language: "Contributory negligence is sometimes defined as a failure to use such care for his safety as ordinarily prudent employees in similar circumstances would use."

■ No intention is there manifest to make that the only definition of contributory negligence or condemn any other definition that has the essential elements therein, though expressed in different language. Further, the appellant makes no point here against the court's charge on contributory negligence for the reason it tendered the court's two special charges (9 and 10) on definition, without indicating a preference between them, and the court gave one of them. This sufficiently covered the omissions, if any, in the court's charge, and having induced the court to give one of its special charges, should not now be heard to complain that the court erred in refusing the other. The main charge and the appellant's special issue No. 9 sufficiently covered the ground. M. K. & T. Ry. Co. v. Kellerman, 39 Tex. Civ. App. 274, 87 S. W. 401.

■ The contention that the trial court erred in its charge on contributory negligence in diminution of damages is overruled. The language of the charge follows the plain provision of the statute. 45 USCA § 53. Also appellant's special charge No. 9, given by the court, cured the omission, if any, in the main charge. It carried the very thought and language insisted upon by appellant, but in our judgment a mere amplification of the court's charge. Further, there is nothing in the point, because the jury found that the appellee was not guilty of contributory negligence and the matter of diminution of damages became immaterial.

■ Appellant's fourth proposition is to the effect that the court erred in its definition of proximate cause. Since appellant failed to properly perpetuate his objections to the charge as above discussed, this proposition is not entitled to consideration; but, aside from that, and considering the contention upon the merits it would otherwise have, we are of the opinion that the proposition should be overruled.

Appellant seems to contend that the definition omitted to tell the jury that to be a proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligence, and that it ought to have been foreseen in the light of attending circumstances. Any fair construction of the charge given, in our judgment, comprehends every element which is alleged to be lacking. The charge, in substance, is the same as that given by the court and which has been approved in the following cases: Western Commercial Travelers' Ass'n v. Smith (C. C. A.) 85 F. 401-405, 40 L. R. A. 653; Chi. St. P. M. & O. Ry. Co. v. Elliott (C. C. A.) 55 F. 949; Bergman Produce Co. v. Express Co. (Tex. Civ. App.) 262 S. W. 891; M. N. Bleich Co. v. Emmett (Tex. Civ. App.) 295 S. W. 223.

Appellant's proposition 5 complains of the court's charge on the issue of assumed risk, and "a risk ordinarily incident to his employment, etc." As before held, those propositions based upon an objection to the court's charge not properly preserved in the trial court cannot be considered. Aside from that, however, we discover no error in the court's rulings in giving and refusing charges on assumed risk. That issue became immaterial, as before pointed out, under the finding that a violation of the Safety Appliance Act contributed to appellee's injuries. Matters here objected to were also amply covered by the court's main charge and the appellant's specially requested charges that were given by the court.

■ In proposition 28 appellant presents for review the action of the trial court in overruling its special exception to an allegation in the appellee's petition, wherein it was averred that he had splendid prospects for an advancement in wages and a promotion in a short time. Such element of damage was alleged to be too remote, speculative, and uncertain to form the basis of a cause of action or measure of damages. If error, this was harmless, since no evidence in support of the allegation was introduced upon the trial. In Richerson v. Moody, 17 Tex. Civ. App. 67, 42 S. W. 317, it was held: "Besides, even if this exception to the petition should have been sustained, appellee offered no evidence to prove the alleged agreement, and therefore the ruling on the exception is immaterial." Further, it would appear to be a correct element of damages if it could be shown, as was alleged, that the chances of promotion were such as to create a reasonable prospect of future realization. Hines v. Glasgow (Tex. Civ. App.) 217 S. W. 1114 (error dismissed); Wichita Valley Ry. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439 (writ refused).

■ The forty-sixth proposition presents that the verdict and the judgment assessing damages in the sum of $20,000 are contrary to the law and unsupported by the evidence. In this respect we think the evidence is ample, and the contention is overruled.

Whether viewed from the standpoint of the learned trial court, that of appellant's attorneys, or that of appellee's attorneys, this record manifests that the trial of this cause was an exhibition of professional skill. In our opinion the case has been well tried, and believing that no errors were committed that would justify a reversal of the judgment of the trial court, it will be affirmed. It is so ordered.