## WICHITA FALLS & SOUTHERN RAILROAD COMPANY V. HENRY M. HOLBROOK.

No. 6304.   Decided February 13, 1935.
Rehearing overruled May 15, 1935.
(78 S. W., 2d Series, 938.)

*Bullington, Humphrey & King* and *Fred T. Arnold,* all of Wichita Falls, for plaintiff in error.

The evidence showing that at time of accident plaintiff Holbrook was employed in interstate commerce and the train on which he was injured was engaged in carrying interstate commerce, the case should be governed by the Federal Employers' Liability Act (45 U. S. C. A., 51-59) and the rule announced by the decisions of the Supreme Court of the United States. New York Central Ry. Co. v. Carr, 238 U. S., 260; Graber v. Duluth S. S. & A. Ry. Co., 159 Wis., 414, 150 N. W., 489; Lehigh Valley Ry. Co., 10 Fed. (2d) 78, certiorari denied 270 U. S., 641.

*Raymond E. Buck,* of Fort Worth, for defendant in error.

The defendant being the only one able to give exact information regarding the character of the kind of commerce it was engaged in handling at the time of the accident and failing to discharge that burden, and having never requested nor obtained a jury finding based on such evidence, it cannot be heard to complain of an imperfect submission of the defense. Texas & N. O. Ry. Co. v. Tilley, 297 S. W., 1063, 6 S. W. (2d) 86; Norwich Union Ins. Co. v. Chancellor, 5 S. W. (2d) 494; Springfellow v. Montgomery, 57 Texas, 349; Osborne v. Gray, 241 U. S., 16.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

Henry Holbrook filed this suit in the District Court of Young County, Texas, against Wichita Falls & Southern Railroad Company to recover damages for personal injuries alleged to have been received by him while in the discharge of his duties as a brakeman for such railroad company. It is alleged that such injuries were received as a result of the negligence of the railroad company, its agents and employees. Trial in the district court, where the case was submitted to a jury upon special issues, resulted in a verdict and judgment for Holbrook for $18,000.00. On appeal this judgment was affirmed

by the Court of Civil Appeals. 50 S. W. (2d) 428. The railroad company brings error.

The opinion of the Court of Civil Appeals makes a very full and correct statement of the facts of this case in regard to the manner in which this injury occurred. We refer to and adopt that opinion in this regard. It is sufficient for the purposes of this opinion to say that at the time Holbrook was injured he was working as a brakeman on a local freight train running between Wichita Falls and Breckenridge, Texas. The entire run was in this State. The injury was received during a switching operation in which three cars were being switched by the use of a pole. The operation is fully explained in the opinion of the Court of Civil Appeals.

The first assignment of error contained in the application is as follows:

"The Court of Civil Appeals erred in holding in effect that appellee and appellant were not engaged in interstate commerce, and applying as the law of this case the rule in Texas. The court should have held that the case comes within the Federal Employers' Liability Act." (45 U. S. C. A., 51-59).

We interpret the above assignment to amount to a contention on the part of the railroad company that the record shows as a matter of law that both the railroad company and Holbrook were engaged in interstate commerce at the time Holbrook was injured. We also interpret the opinion of the Court of Civil Appeals to hold that the evidence does not show this as a matter of law.

The answer of the railroad company alleges that it and Holbrook were engaged in interstate commerce at the time of Holbrook's injury. The trial court did not submit that issue to the jury, and no request for its submission was made by either the railroad company or Holbrook. Furthermore, no exception was taken to the charge of the court for failure to submit such issue.

1 The burden was on the railroad company to plead and prove facts which would bring this case under the Federal Employers' Liability Act, supra. Texas & N. O. Ry. Co. v. Tilley (Com. App.), 6 S. W. (2d) 86, and authorities there cited.

Under our practice if there was a fact issue as to whether the railroad company and Holbrook were engaged in interstate commerce at the time Holbrook was injured the railroad company waived the same by not in some way asking for its submission to the jury. Ormsby v. Ratcliff, 117 Texas, 242, 1 S. W. (2d) 1084.

It is evident from what has been said that the defenses that were available to the railroad company under the Federal Employers' Liability Act have been waived by it unless the record shows as a matter of law that such Act should have been applied. In other words unless the record shows as a matter of law that both the railroad company and Holbrook were engaged in interstate commerce at the time Holbrook was injured the issue has been waived.

The facts in regard to the issue of interstate commerce are as follows:

L. M. Bassett, a witness for the railroad company, testified that he was its vice-president and general manager. He then testified as follows:

"Prior to August 9, 1928, our line was extended from Wichita Falls, Texas, to Dublin, Texas, and by a contract we entered into with the Fort Worth & Denver we were given trackage rights from Wichita Falls to Waurika, Oklahoma, and we began service over there under that trackage contract on August 9, 1928, since which time we have been an interstate railway, and we make reports to the Interstate Commerce Commission the same as all interstate lines.

"Our railroad was engaged in interstate commerce on the 20th of November, 1929."

Holbrook was injured on November 20, 1929.

Plaintiff, Holbrook, testified on cross examination by the attorney for the railroad company that he knew that the train on which he was braking was engaged in carrying freight that came into this State from other states and knew such train was handling commodities from one state to another, and that consignments of freight and other commodities were being transported from the State of Texas to other states, and knew that he was working on and was engaged in that kind of transportation. On redirect examination, however, Holbrook testified in substance that he misunderstood the questions relative to this matter asked by counsel for the railroad. He further testified that he did not know what kind of freight this particular train was transporting, and that he did not know where such freight came from or where it was going to. He stated that he just worked on signals.

The witness, Bassett, also testified that this train ran only between Wichita Falls, Texas, and Breckenridge, Texas, and usually carried interstate freight. We gather from the record that the entire run of this train was within this State.

2 When this train reached Olney, Texas, a city between

Wichita Falls and Breckenridge, it became necessary for the crew to do certain switching operations in order to pick up three freight cars and incorporate them into the particular train on which Holbrook was then working as a brakeman. Holbrook was injured in this switching operation. If the train itself carried an interstate shipment of freight the railroad company and Holbrook were engaged in interstate commerce at the time Holbrook was injured even though the three cars above mentioned contained no interstate freight. New York Central Ry. Co. v. Carr, 238 U. S., 260, 59. L. Ed., 1298, 35 Sup. Ct., 780.

3 Boiled down the evidence tending to show that this particular train carried interstate freight at the time Holbrook was injured, amounts to a mere showing by the testimony of the witness, Bassett, that the railroad company as such was engaged in interstate commerce, and that this train usually carried interstate freight. The train itself was a pick-up train and ran only between two points entirely within this State. Bassett's testimony does not even show that it was the duty of this train to pick up all interstate freight on its run; but merely shows that it usually carried such freight. We think it could be inferred from Bassett's testimony that there were times when interstate freight was not carried. No effort was made by the railroad company to show by its records that this particular train carried interstate freight, and no excuse was offered for the failure to show what such records would have disclosed. We think it was within the power of the railroad company not to have left this matter in this uncertain state. In our opinion the record before us does not show as a matter of law that this train carried interstate freight. Osborne, Receiver, v. Gray, 241 U. S., 16, 60 L. Ed., 865, 36 Sup. Ct., 486.

4 In this connection it is true that Holbrook's testimony, on cross examination, if standing alone, might support the position of the railroad company. But when his testimony is considered as a whole it will not do so. Also the mere showing that at the time Holbrook was injured this railroad company owned a line of railroad within this State and had connecting trackage rights without this State over which it operated trains, would not bring this case under the Federal Employers' Liability Act. In other words, before such Act applies it must be shown, not only that the carrier is engaged in interstate commerce at the time of the injury, but it must also be shown that at such time the person injured was employed by

the carrier in interstate commerce. Shanks v. Delaware L. & W. R. Co., 239 U. S., 556, 60 L. Ed., 436, 36 Sup. Ct., 188, L. R. A., 1916C, 797.

From all that has been said we hold that the evidence in this record does not show as a matter of law that the railroad company and Holbrook were engaged in interstate commerce at the time Holbrook was injured. Furthermore we hold that if the facts proved relative to this matter raised such issue, a question we do not consider it necessary to pass on, the railroad company, under our practice, waived it when it made no request for its submission to the jury and in no way excepted to the charge in that respect.

We have carefully considered the other assignments contained in the application for the writ, and in our opinion the Court of Civil Appeals has properly disposed of them. No good purpose would be served by further discussion here.

The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion adopted by the Supreme Court February 13, 1935.

Rehearing overruled May 15, 1935.