**TEXAS & N. O. R. CO. v. NEILL et al.**

No. 9847.

Court of Civil Appeals of Texas. San Antonio.

Aug. 12, 1936.

Rehearing Denied Oct. 21, 1936.

Baker, Botts, Andrews & Wharton, of Houston, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Carter & Lewis and James Young, Jr., all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Emma E. Neill, individually and as administratrix of the estate of Alvah Neill, deceased, and also as guardian and next friend of her minor children, Alfred L. Neill and Margaret A. Neill, against appellant, Texas & New Orleans Railroad Company, to recover damages on account of the injuries to and death of Alvah Neill, deceased.

Alvah Neill before his injuries and death, on January 16, 1934, was in the employ of appellant railroad as a car inspector in its switchyard located in San Antonio and known as the "East Yard." On the night of January 15, 1934, Alvah Neill was engaged in inspecting a freight train known as the L. A. (Los Angeles), which was made up on track No. 1 of the switchyard. Shortly before the L. A. was called to leave, Neill left this train, going in the direction of the scale house, and was struck by a shunted or "kicked" box car at a point on the lead track where track No. 4 joins the same. Neill's left leg was practically severed from his body and his right foot was injured. After great pain and suffering,

Neill died early on the morning of January 16, 1934.

The cause was submitted to a jury upon special issues, and the jury found that:

1. On the occasion in question appellant's employees in charge of the switching operations were negligent in failing to have a man with a light ride the kicked car.

2. Such negligence was a proximate cause of the injury and death of Alvah Neill.

3. On the same occasion appellant's employees were negligent in failing to ring the bell on the locomotive.

4. Such negligence was a proximate cause of the injury and death of Alvah Neill.

5. Under all the facts and circumstances, Alvah Neill did not assume the risk of being injured at the time and in the manner in which he was injured.

6. Alvah Neill did not try to get on the box car just before he received the injury.

7. Alvah Neill did not see the moving box car just before his accident and try to run across the track in front of it.

8. On the occasion in question Alvah Neill did not fail to keep such a lookout for his own safety as a person of ordinary prudence would have kept under the same or similar circumstances.

9. The following amounts, if paid now, would reasonably compensate appellees for the pecuniary loss sustained by them as a direct result of the death of Alvah Neill:

To Emma E. Neill (widow), $15,000.

To Alfred L. Neill (son), $12,500.

To Margaret A. Neill (daughter), $12,500.

10. The sum of $5,000 would constitute reasonable compensation for the conscious pain and suffering sustained by Alvah Neill as a direct result of his injuries.

From the judgment based upon the above findings of the jury, the Texas & New Orleans Railroad Company has prosecuted this appeal.

The first question presented is whether this appeal is governed by the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59). This question depends upon whether the evidence sufficiently shows that Alvah Neill at the time of his injury was engaged in interstate commerce. This matter was not submitted to the jury, neither was it requested by either party. It is clear that the railroad company, who is now asserting the fact, has waived it by such failure to request an issue thereon, unless the evidence conclusively establishes the fact as a matter of law. Wichita Falls & S. R. Co. v. Holbrook, 125 Tex. 184, 78 S. W.(2d) 938. Writ of certiorari denied by the Supreme Court of the United States 296 U.S. 618, 56 S.Ct. 139, 80 L.Ed. 439. We are of the opinion that the evidence in this case is conclusive as to the fact that Alvah Neill was engaged in interstate commerce at the time he received the injury. In the first place, no issue was joined in the pleadings as to this fact. Appellees plead, in effect, that they were not certain about the matter but asked the court to apply whichever law the facts justified, while the appellant plead affirmatively that Neill was engaged in interstate commerce at the time of his injury. The evidence offered by both appellant and appellees was to the effect that Neill was engaged in inspecting the L. A. train on track No. 1, which train unquestionably contained cars billed for other states. The inspection had not been completed and could not be completed until the road engine was connected to the train, which had not yet been done. Neill found it necessary to leave the train and go to the scales house to secure a draft key retainer cotter with which to make a slight repair on one of the cars, or at least he was going somewhere to get something to make a repair. The fact that Neill may have been going to repair one of the cars in the train that was loaded with an intrastate shipment would not take him out of interstate commerce, so long as he was engaged in the general duty of inspecting a train containing interstate shipments. Erie R. Co. v. Downs (C.C.A.) 250 F. 415; New York Cent. & H. R. R. Co. v. Carr, 238 U.S. 260, 35 S.Ct. 780, 59 L.Ed. 1298; Youngstown & O. R. R. Co. v. Halverstodt, 12 F.(2d) 995 (C.C.A. 6th Cir.).

It is suggested that Neill may have finished his part of the inspection of the L. A. train and have been walking away with no intention of returning. Such a presumption would have been contrary to all the evidence offered by both appellant and appellees. The facts were undisputed as to what Neill was doing at the time of the injury, and the fact that the witnesses do not entirely agree as to the details, or as to exactly what Neill's statement was at the hospital after the injury, does not present any issue to go to the jury. The trial court properly tried this case as being one ruled by the Federal Employers' Liability Act,

and it seems that such a course was entirely agreeable to all parties in the court below.

The next question presented is the sufficiency of the evidence to support the finding of the jury with reference to the negligence of appellant. Appellant contends that it should have been given a peremptory instruction and the cause not submitted to the jury. This contention is based largely upon the case of Toledo, St. L. & W. R. Co. v. Allen, 276 U.S. 165, 48 S.Ct. 215, 72 L.Ed. 513. In that case a car inspector was killed by a shunted car and the Supreme Court held that there could be no recovery in the absence of a showing that the switching operation was done in a manner not usual and customary.

■■■ In the case at bar there is evidence to the effect that it was usual and customary in the "East Yard" to ring the bell when a car was shunted or "kicked," and furthermore that it was usual and customary in the nighttime to have a man ride the car with a light to warn employees of the danger of the "kicked" car. The evidence further shows that on the occasion of Neill's injury the bell was not rung and there was no lookout on the car. This evidence presented an issue of negligence which was for the jury. Neill did not assume the risk of his injury. An employee of a railroad company in a switching yard only assumes such risk as he knows of or should have known of as a reasonably prudent man. He did not know that on a dark night the switching crew would violate a custom and shunt a car without a man riding same with a light to give warning to the employees in the yard. Texas & P. R. Co. v. Baldwin (Tex.Civ.App.) 25 S.W.(2d) 969; Texas & P. R. Co. v. Aaron (Tex. Civ.App.) 19 S.W.(2d) 930; Armstrong v. Mobile & O. R. Co., 331 Mo. 1224, 55 S.W. (2d) 460, 464, United States Supreme Court denied a writ of certiorari (289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490); Norton v. Wheelock, 323 Mo. 913, 23 S.W.(2d) 142; O'Donnell v. Baltimore & O. R. Co., 324 Mo. 1097, 26 S.W.(2d) 929.

■■■ Appellant next contends that in addition to the issues submitted to the jury there should have been another issue submitting to the jury the inquiry as to whether the custom of ringing the bell and having a lookout on kicked cars existed in the "East Yard," the evidence being conflicting on this issue. We feel that such an issue would have been an evidentiary issue. In St. Louis, S. F. & T. R. Co. v. Green, 37 S.W.(2d) 123, 124, the Commission of Appeals of Texas said:

"Plaintiff in error seeks a reversal of the judgment because of the trial court's failure to give in charge to the jury special issues Nos. 3 and 4, requested by it, the same being as follows: * * *

"'No. 4. Under the defendant's rules and regulations and the usual customary methods of doing the work in which plaintiff was engaged, was it plaintiff's duty to examine the car in question, before beginning work on same, to see if same was in safe condition to work thereon?'

"We think the trial court did not err in refusing to give either of these special issues. To have given them, in the form requested, would have resulted in submitting mere evidentiary matters, which it was the duty of the jury to give due consideration in passing upon the issue submitted by the court as to whether defendant in error was guilty of contributory negligence."

See, also, Speer's Law of Special Issues, p. 144, § 106. Only ultimate issues need be submitted to the jury. In finding appellant guilty of negligence the jury necessarily found that there was a departure from the usual and customary manner of handling switching operations in the "East Yard." Texas & P. R. Co. v. Baldwin (Tex.Civ. App.) 25 S.W.(2d) 969.

Appellant cites a number of cases to the effect that in submitting a case by a general charge to the jury it is proper to instruct the jury that before they can convict the railway company of negligence in this character of case the jury must find that there was a departure from the usual and customary manner of conducting switching operations. This is quite true where a general charge is given, but under our system of submitting cases on special issues, only ultimate issues are submitted, and it is never proper to submit an evidentiary matter.

■■■ Appellant further contends that the failure to ring the bell could not, as a matter of law, have been the proximate cause of Neill's injury. In other words, the ringing of the bell in a switchyard would only add to the confusion and would be no warning of the approach of a car moving on its own momentum, disconnected and some distance from the engine. Upon this proposition we are cited to the case of Aerkfetz v. Humphreys, 145 U.S. 418, 12 S.Ct. 835, 36 L.Ed. 758. In that case the existence of a custom and the violation of that custom was

not shown. In Texas & P. Ry. Co. v. Baldwin (Tex.Civ.App.) 25 S.W.(2d) 969, 974, the court said: "He supported his own evidence in these respects with other substantial testimony, and we are forced, upon the record, to hold the appellee's injuries proximately caused by the appellant's violation of a known custom. Such being the case, it does not fall within the rule announced in Aerkfetz v. Humphreys, 145 U.S. 418, 12 S.Ct. 835, 36 L.Ed. 758, and the other cases following that authority and cited by the appellant, all of which are to be distinguished from the present case, in that in those cases the existence of a rule or custom and a violation thereof did not enter into a determination of the appellant's negligence and the plaintiff in such cases seems to have breached some duty imposed on him by law or rule itself, and the injuries were attributable thereto. They are not controlling here. In those cases the court held either that there was no negligence shown or that the plaintiff in fact assumed the risks incident to the employment. In other words, switching and moving cars without light or lookout was rather the custom in those cases."

On the other hand, if the failure to ring the bell could not be the proximate cause of Neill's injury, there would still remain the finding of the jury that the failure to have a man with a light on the end of the box car was negligence, and was a proximate cause of Neill's injury, and these findings would be sufficient to support the judgment rendered.

██ The trial court submitted the issue of assumed risk in the following question, which was answered in appellees' favor: "Question No. 5: Under all the facts and circumstances on the occasion in question, did Alvah Neill assume the risk of being injured at the time and in the manner in which he was injured?"

This was a proper submission of the matter, and appellant's specially requested charges on this subject were properly refused.

██ The findings of the jury that the failure to ring the bell and the failure to have a man ride the shunted car with a light, to give warning to the employees in the yard, were each a proximate cause of the injuries received by Neill, were not against the great weight and preponderance of the evidence. There is evidence in the record which, if believed by the jury, was sufficient to support their finding as well as the implied finding that there was a custom in the yards of always ringing the bell, when a car was kicked in the nighttime, and having a man ride it with a light to give warning of its approach to all employees in the yard. It is true that appellant offered more witnesses than were offered by appellees and these witnesses all testified to the contrary, but, of course, the preponderance is not governed by the relative number of witnesses. One witness to a fact is sufficient, if believed by the jury.

██ The verdict is not as a matter of law excessive. It was for the total sum of $45,000; $5,000 of this was for the conscious pain and suffering of Alvah Neill, sustained by him before his death. The remaining $40,000 was awarded to Neill's widow and two children as compensation for the loss sustained by them as a result of Alvah Neill's death. Alvah Neill at the time of his death was a comparatively young man, thirty-three years of age. He had a life expectancy, under the American Table of Mortality, of 33.2 years. He was in good health, able-bodied, strong, and capable of doing hard work. His regular wages were from $60 to $65 every two weeks, and with his overtime he earned around $150 per month. He worked around his home and helped in every way with the children. It is reasonable to suppose that he might have been promoted and his pay increased. The amount of the award was addressed to the discretion of the jury, and under the evidence we are unable to say that it was so grossly excessive as to show that the jury were governed by passion and prejudice. 13 Tex.Jur. 262; Wells v. Henderson (Tex.Civ.App.) 78 S.W.(2d) 683; Ward v. Cathey (Tex.Civ.App.) 210 S.W. 289; Beaumont, S. L. & W. R. Co. v. Sterling (Tex.Civ.App.) 260 S.W. 320; Texas & P. R. Co. v. Gillette (Tex.Civ.App.) 50 S.W.(2d) 901; International & G. N. R. Co. v. Finger (Tex.Civ.App.) 16 S.W.(2d) 132; Houston E. & W. T. R. Co. v. Sherman (Tex.Civ.App.) 10 S.W.(2d) 243; Rosenzweig v. Hines (D.C.) 285 F. 622.

We have considered all other propositions of appellant. They are without merit and are overruled.

Accordingly, the judgment of the trial court is affirmed.