## TRADERS & GENERAL INS. CO. v. RAY.
### No. 1899.

Court of Civil Appeals of Texas. Eastland.
April 28, 1939.

Rehearing Denied May 19, 1939.

Simpson, Dorenfield & Fullingim, of Amarillo, and Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for plaintiff in error.

Nolan Queen, of Weatherford, and J. R. Creighton, of Mineral Wells, for defendant in error.

FUNDERBURK, Justice.

Raymond Ray sued Traders & General Insurance Company to recover compensation under the Workmen's Compensation Statutes. Vernon's Ann.Civ.St. art. 8306 et seq. The alleged injury occurred on October 12, 1936, in Palo Pinto County, while plaintiff was operating a road grader for his employer, E. W. Hable. Most briefly described, the alleged injury consisted of a "strain" or sprain of plaintiff's back. Plaintiff alleged that as the result of his injuries he was totally and permanently disabled. Upon a jury trial, judgment, upon the verdict of the jury, awarded him recovery of $5,352.81. The defendant brings the case to this court by writ of error. The parties will be referred to as "plaintiff" and "defendant", the same as in the trial court.

Defendant contends that "The undisputed testimony discloses that the strain, if any, was insignificant and that the disability, if any, to plaintiff's neck and spine was caused by some character of infection; that plaintiff undoubtedly has a syphilitic infection which could more reasonably have caused his present disability than any other cause. The court, therefore," it is argued, "erred in overruling and not sustaining defendant's motion for an instructed verdict, because plaintiff's contention to the effect that his disability is due to the alleged injuries is based upon a surmise and conjecture."

■ It is probably true, we think, that according to the undisputed evidence, the initial stage of plaintiff's alleged injury consisted of a strain in itself apparently insignificant. According to the opinion evidence it may be further true that the disability, if any, was more immediately caused by some character of infection. The real nature of the "infection", if any, is not important, provided it was caused by the strain. Any infection causing disability is an element of compensable injury, if it be caused by accidental "damage or harm to the physical structure of the body." If the infection was syphilitic, that fact is important only upon the question of whether the infection, if any, which caused the disability, was, or was not, accidental damage or harm to the physical structure of the body. It may be conceded provisionally, at least, that if the strain constituted accidental damage or harm to the physical structure of the body, such damage or harm did not cause a syphilitic infection. If the undisputed evidence had shown that plaintiff had a syphilitic infection, then we would incline to the view that the evidence was insufficient (i.e., wanting in essential respects) to support the issue that plaintiff's incapacity, if any, was caused by the alleged injury. A situation would be presented very much analogous to those in Texas Pac. Fidelity Ins. Co. v. Hall, Tex.Civ.App., 101 S.W.2d 1050, and Texas Emp. Ins. Ass'n v. Burnett, 129 Tex. 407, 105 S.W.2d 200. But the evidence did not establish, *conclusively*, the fact that plaintiff had a syphilitic infection. It may be granted that an apparent preponderance of the evidence was to that effect. A question of the preponderance of the evidence generally, however—and that is true here—is so affected by the further questions of the credibility of witnesses and weight of the evidence as to make, all these altogether, questions of fact for jury determination. There was expert opinion evidence to the effect that the tests, claimed by the greater number of expert witnesses to show the existence of a syphilitic infection, were inconclusive and did not necessarily so show. According to the record, if plaintiff had syphilis the evidence of that fact consisted of the opinions of certain of the doctors. We doubt if it can ever be truly said that an issue supported only by opinion evidence is conclusively established as a matter of law. Southern Kansas R. Co. v. West, Tex.Civ.App., 102 S.W. 1174; Guinn v. Coates, Tex.Civ.App., 67 S.W.2d 621; Wichita Falls & S. R. Co. v. Holbrook, Tex.Civ.App., 50 S.W.2d 428, Id., 125 Tex. 184, 78 S.W.2d 938; Gulf, C. & S. F. Ry. Co. v. Davis, Tex.Civ.App., 225 S.W. 773; Houston B. & T. R. Co. v. Vogel, Tex.Civ.App., 179 S.W. 268; Simmonds v. St. L. B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332.

■ There was evidence to show that from some cause the plaintiff was totally and permanently disabled. Accepting the evidence most favorable to the plaintiff, and rejecting as untrue all evidence to the contrary, the jury, we think, was warranted in concluding that a strain, or sprain,

of his back received by plaintiff, in the course of his employment, constituted damage or harm to the physical structure of his body. There was testimony—contrary to other testimony to be sure—warranting an inference that an ankylosed spine resulted from such damage or harm to the physical structure of the body. Belief by the jury of the testimony (opinions) of certain of the doctors and therefore disbelief of opinions to the contrary, warranted, it seems to us, the conclusion that plaintiff's incapacity was caused by the sprain or strain. That conclusion, resulting as an inference, would be more reasonable—granting the right to reject all contrary evidence—than an inference to the effect that there existed a syphilitic infection but for which no incapacity would have resulted from the strain.

There was evidence to support the belief that ankylosis results from a protective effort of nature to relieve pain. If so, the jury did not have to accept the testimony, even if all to the same effect, that the ankylosis was caused by infection in the same sense that syphilis is an infection. From such testimony and the further testimony that the strain produced long continued pain, the jury may have inferred, not unreasonably, that the ankylosis resulted without infection as a direct response of nature to the pain. It is our conclusion that the evidence raised issues of fact for the determination of the jury.

 There was no error, we think, in the action of the court in submitting an issue calling for a finding of whether or not plaintiff became totally incapacitated for work on October 12, 1936. True, the undisputed evidence showed that he did some work for a week or so thereafter, but there was evidence which, if believed, warranted an inference that he was not really physically able to do so. It has been held that the fact that an employee performed some labor after the time of his claimed total disability is not conclusive. 45 Tex.Jur. p. 588, sec. 161, and authorities cited under note 15.

 The contention that the court erred in submitting special issue No. 9 inquiring, in effect, as to whether or not plaintiff had suffered permanent total disability, over the objection of defendant that there was no sufficient legal evidence to support an affirmative finding thereon, cannot be sustained. As already said, there was evidence sufficient to support an affirmative finding of such issue. It is not a valid objection to the submission of a particular issue that there was no competent evidence to support some other issue essential to the judgment. That seems to be the point here urged.

 Following the issues of total disability and permanent disability, the court, upon condition that the jury answered the issue of permanent disability "no", directed the jury to "fix the number of weeks, if any, not to exceed 401 weeks, of such total incapacity for work, if any, of the said Raymond Ray." Indicating its construction of this issue to be a submission of temporary total disability, the defendant, among other things, objected that "This constitutes a conditional but not an unconditional and unqualified submission of issue No. 11 [the number of said issue] to the jury. Defendant says that it is entitled to an absolute, unqualified and unconditional submission of issue No. 11 [temporary disability] without hinging the jury's answer thereto on their answer to another issue."

Recognizing that under recent decisions of the Supreme Court, the law is interpreted to the effect that a general denial in answer to a pleading averring a cause of action for total and permanent disability, under the Workmen's Compensation Statutes, will have the effect to join issues of partial and temporary disability, which, if supported by evidence, are required to be submitted, it nevertheless seems to us that defendant misconstrued the issue to which its above objection was made, with the effect that the objection did not point out the real defect in the submission intended to be made the subject of complaint. Special issue No. 11 to which the objection was directed, was not, as we think, a submission, conditional or otherwise, of the issue of temporary disability. On the contrary, the court seems to have assumed that upon a "no" finding of the issue of permanent disability that would, in legal effect, constitute a finding of temporary disability, or else that the undisputed evidence showed, at least, a temporary disability, and, omitting to submit that issue at all, merely submitted the distinct issue of the duration of such temporary disability. If the evidence raised an issue of the fact that plaintiff had suffered disability for any length of time, then the court should have submitted, affirmatively and unconditionally, the issue of temporary

·disability. Had the court done so, the† we think it would have been proper to sub-·mit conditionally the further and distinct issue of the time such temporary disability ·continued. The court having wholly fail-ed to submit (conditionally or uncondi-·tionally) the issue of temporary disability, but ·on the contrary, having assumed (whether correctly or not) the establish-ment of that issue, either by the finding upon the issue of permanent disability, or undisputed evidence of at least partial disa-bility, the objection made to such issue No. 11 was not a valid objection and was of no assistance to the court in avoiding the real ·error, if any, in the submission.

We are of the opinion that the word "permanent" is not a legal term, hav-ing a meaning different from its common ·or ordinary meaning, so as to require defi-·nition or explanation under R.S.1925, Art. 2189. Bankers Lloyds v. Pollard, Tex. Civ.App., 40 S.W.2d 859; Metropolitan Life Ins. Co. v. Wann, Tex.Civ.App., 81 S.W.2d 298; Commercial Standard Ins. ·Co. v. Noack, Tex.Civ.App., 45 S.W.2d 798; Lloyds Cas. Co. v. Grilliett, Tex.Civ. App., 64 S.W.2d 1005; Texas Emp. Ins. Ass'n v. Marsden, Tex.Civ.App., 57 S.W.2d ·900; United States F. & G. Co. v. Weir, Tex.Civ.App., 286 S.W. 565.

The propositions are overruled, ·by which the contention is urged that the ·court erred in refusing to submit an issue as to whether the alleged injury, if any, ·occurred in Cook County. It is doubtful, we think, in the first place, whether the ·evidence raised such an issue. The cir-cumstances relied upon may have had ·some probative effect on the question of ·credibility but hardly presented an issue ·that granting plaintiff was injured as al-·leged, it occurred in Cook County.

At any rate, if such issue was raised, the failure of the court to submit it could not ·be presented for review here, by merely showing that the objection was made. It was necessary that the issue be tendered by defendant with request that it be sub-mitted, and that as presented for such sub-mission, it was in proper form, so that a record of the action of the court could be made by merely indorsing thereon the word "Given" or "Refused" as the case may have been. Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849.

Other questions presented have been considered, but except as briefly comment-ed upon hereinafter, they are deemed to be without merit, or, if so, immaterial under the record.

There was no evidence to support an is-sue that plaintiff's incapacity, if any, was due to a congenital condition which was recognized by most of the expert wit-nesses.

We are unimpressed with argument to the effect that some of the issues were so stated as to assume issuable facts and thereby constitute suggestions to the jury of the trial judge's opinion upon the evi-dence.

We recognize no difference be-tween the meanings of the term "cause" and "producing cause." Texas & P. R. Co. v. Short, Tex.Civ.App., 62 S.W.2d 995. The material question was whether the injury, if any, caused the incapacity, if any. If the injury caused the incapacity, it *produced* the incapacity, and there was no' likelihood that the term "producing cause" could have been considered as meaning anything different from "cause."

Special issue No. 20 inquiring whether the "injury, if any, directly con-tributed to said Raymond Ray's incapacity for work, if any", should not have been given, but· only because it was immaterial. The jury having found in answer to other issues that the alleged injury was the "producing cause" of the incapacity, no ef-fect could be given to a finding that the injury contributed to the incapacity. The error was of a nature not reasonably cal-culated to prejudice the rights of the de-fendant, and there exists, therefore, no presumption that it did so. Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556. The error should be regarded as harmless.

We are further of the opinion that the average weekly wages was correctly de-termined and that the court did not err in admitting any of the testimony upon that issue as against the objections urged.

There was no issue in the case, we think, as to the liability of the defendant with re-spect to the particular contention that plaintiff was not shown to be within the protection of the terms of the policy of in-surance.

In the issue "Do you find from a preponderance of the evidence that Ray-mond Ray's incapacity for work, if any, was not due solely to syphilis" there was, in our opinion, no misplacing of the bur-den of proof. Gulf C. & S. F. R. Co. v.

Giun, Tex.Com.App., 116 S.W.2d 693, 116 A.L.R. 795.

Under our conclusions as above stated, the judgment of the court below should be affirmed, and it is accordingly so ordered.